Frank P. De Luca, J.
For the purposes of this proceeding, counsel for the defendant, at oral argument, while disputing the facts, has agreed that the court may assume the truth of the allegations set forth in the complaint. Both parties have submitted memoranda of law and the court has made the following determination based solely on the law.
The plaintiff village alleges that defendant, a large transporter of fuel and heating oils, is in violation of certain fire prevention ordinances enacted by the village and the court is asked to enjoin defendant from receiving petroleum products at its pier until it qoipplies with the ordinance.
Defendant maintains a facility for docking oil tanker vessels in Port Jefferson Harbor and pumping the petroleum through a pipeline to a tank farm approximately two miles south of the harbor. Defendant’s upland and a portion of its pier are located within the boundaries of the plaintiff village but the remainder of the pier, including the “ T ” shaped dock for receiving the vessels is outside the village border and within the territorial limits of the Town of Brookhaven.
On October 5, 1970, the village enacted as part of its fire prevention code, an ordinance entitled “ Article XXT Tank Vessel *949 Operations: Port Jefferson Harbor.” The pertinent portion of the ordinance is section 40-181 (M) which reads: “ All wharfs and piers in the harbor shall be equipped with sufficient fire-attack and control equipment meeting the approval of the Bureau of Fire Prevention in conjunction with the Chief of the Port Jefferson Fire Department. In the event any wharf or pier is not so equipped within a reasonable length of time, docking tugboats assisting vessels berthing at such wharf or pier shall then remain in the harbor on emergency standby until cargo transfer is completed and ship is under way departing the harbor.”
Subsequent to adoption of article XXI, several criminal informations were filed against defendant but these were disposed of without culpability on the part of defendant. Apparently the instant lawsuit was triggered by an accident on January 10, 1972 to a tanker barge which split in two while tied up at defendant’s pier. While there was no explosion or fire and no injury to individuals, the incident received great public attention, and in any event, the village now seeks the enforcement of the ordinance.
Defendant has mounted a multi-pronged attack upon the ordinance contending that the statute was never validly adopted, that the village has no jurisdiction over the subject matter, the ordinance is unconstitutional and that the statute constitutes an unlawful regulation of interstate commerce.
In arguing the first point, defendant relies upon the enabling legislation — section 89 of the Village Law. Paragraph (2) of subdivision 63 thereof, entitled “Regulations of vessels” explicitly states that no village ordinance “ shall take effect until it shall have been submitted to and approved in writing by the conservation commissioner ” (of the State of New York). Concededly, no such approval was ever obtained. But since subdivision 63 deals with boating and sewage regulations, and since it is not the basis of the complaint, the court regards this contention as not in point and somewhat of a straw man argument.
The complaint alleges a reliance upon subdivision 34 of section 89 which authorizes a village to enact legislation “ as may be deemed necessary to protect property or life from fire hazards or health hazards.” Unlike subdivision 63, which extends the jurisdiction of a village 1,500 feet beyond the shoreline, subdivision 34 affords jurisdiction only to the actual village boundaries. Furthermore, in view of the penal nature of the ordinance (violators are subject to a fine of $250), the question of jurisdiction must be strongly construed against the village, Examination of a survey of Port Jefferson Harbor indicates the *950 length of defendant’s pier, including the “ T ” shaped dock extension is approximately 225 feet. The original incorporation boundary of the village extends about 75 feet from the westerly end of the pier while the village tax line intersects no more than 15 feet of the pier. None of the various boundary indicia (including a proposed new village perimeter) includes the site of the dock or platform where the tankers tie up and where the petroleum products are unladen. Furthermore, the waters beneath the pier and the harbor bottom are owned or controlled by the Town of Brookhaven and not the Incorporated Village of Port Jefferson.
The village, in claiming territorial jurisdiction of all of defendant’s facilities, cites several cases to the effect that a municipality has jurisdiction over extraterritorial acts occurring on their piers or wharfs in view of the piers’ origins within the municipality. While it has been held, to the contrary, that the jurisdiction of an incorporated village is confined to property within the territorial limits of the village (Matter of Browning v. Bryant, 178 Misc. 576, affd. 264 App. Div. 777), these early cases cited by plaintiff all dealt with civil and property actions in the City of Brooklyn. In view of the criminal sanctions sought to be imposed here, the court must necessarily adopt a narrow construction in interpreting the ordinance and concludes that the very activities sought to be regulated (which is the object of the ordinance), are conducted beyond the plaintiff’s jurisdiction.
In reaching this determination, the court does not find it necessary to pass on the other issues raised herein, including the constitutionality of the ordinance. In passing, however, the court notes that the present Village Law has been repealed and will be replaced in September, 1973 by a new Village Law providing greater local home rule powers. Thus the constitutional issues herein may well become moot or vitiated in time.
The complaint is dismissed.