Charles G. Heine, J.
The defendants have asked this court to find invalid the ordinance under which they are charged with towing water skiers in a restricted area of Hempstead Harbor. It is agreed between the parties that the Town of North Hemp-stead did not submit the waterways ordinance to the Commissioner of Conservation for his approval in accordance with *809 section 130 (subd. 17, par. [2]) of the Town Law. This, the defendants contend, is a violation of the statute and renders the ordinance invalid. The Town of North Hempstead maintains it does not have to submit the ordinance to the Commissioner, since it is a part of Nassau County and therefore has a special exemption under subdivision 4 of section 2 of the Navigation Law.
There can be no argument with the legislative intent of the ordinance. The need to maintain and control the waterways along our shoreline is a matter of ever-growing public concern. Anyone who has ventured out into the waters off Nassau County’s north and south shores on a hot summer weekend has experienced the congestion and frustration created by aquatic traffic jams in the harbors, creeks, channels and bays. The waterways ordinance is an attempt to meet this growing condition. Section 130 (subd. 17, par. [1]) of the Town Law provides the basis for the town’s exercise of its police power in this area.
However, paragraph (2) of subdivision 17 of section 130 does state that no such ordinance shall take effect until it has been submitted to the Commissioner of Conservation and approved by him in writing. A literal reading of this section would dictate a finding that the ordinance was invalid for failure to comply. Such an approach would be incorrect in this instance. The court is presented with the situation where it must look beyond the specific section and glean additional information from other sources. The defendants would have the court look at sections 850 and 851 of the ¡Conservation Law. These sections provide for the creation of a Division of Motor Boats within the department and sets forth the powers it is to have. The defendants would have the court interpret these sections to mean that the State has pre-empted this area and that the town had no authority to act. The court must reject this contention in light of the wording in section 851 ‘ ‘ except as otherwise provided by statute ”, section 972 (the saving clause) which states: “ Nothing contained in this chapter shall be deemed to supersede or repeal any provision of1 the navigation law ’ ’, and the language of subdivision 4 of section 2 of the Navigation Law.
Subdivision 4 of section 2 of the Navigation Law defines “ Navigable waters of the state ” over which the Commissioner of Conservation has authority. “ 1 Navigable waters of the State ’ shall mean all lakes, rivers, streams and waters within the boundaries of the state and not privately owned, which are navigable in fact or upon which vessels are operated, except all tidewaters bordering on or lying within the boundaries of Nassau and Suffolk counties.” (Emphasis added.) There is a clear *810 exception made in this section removing Nassau and Suffolk Counties from the authority of the Commissioner as far as the navigable tidewaters along ¡¡heir boundaries are concerned. The Town of North Hempstead is one of three townships located within the boundaries of Nassau County and fits within the exception set forth in subdivision 4 of section 2. Why such an exception?
When Long Island was first settled in the mid-1600’s large tracts of land were given by the King to individuals who had founded or were founding towns on the Island. The lands and water comprising the towns of present day Nassau County were conveyed by the sovereign, through his representatives. The primary grants, and the ones touching North Hempstead, are known as the Kieffe and Dongan Patents. These grants conveyed all the land within certain designated boundaries. They also specifically conveyed the water and the land thereunder within these boundaries. These original towns then owned the land under the water with all the “ royal prerogatives ” that went with them. When the Colony of New York was formed and the first State Constitution enacted, the patents and all the rights attaching to them were preserved. As the Court of Appeals in De Lancey v. Piepgras (138 N. Y. 26, 38), pointed out, ‘ ‘ colonial charters were designed to he the instruments upon which the institutions of a great political community were to he founded; and their provisions must he liberally interpreted, whenever necessary to accomplish the purpose of their creation.” A leading case on the subject-is Trustees of Brookhaven v. Strong (60 N. Y. 56). In that case the rights of the town were upheld because the lands and waters were specifically included in the grant and the authority of the town over them had been recognized by both colonial and State legislation. Such recognition has continued down to this day.
It appears to this court that subdivision 4 of section 2 of the Navigation Law maintains this recognition and has created the special exception whereby Nassau and Suffolk Counties (and. their towns) may regulate their navigable waterways. In the face of almost 200 years of State recognition, this court must find the ordinance to be a valid use of the town’s police powers.
The court finds that the Town of North Hempstead acted within the limits of its police powers in enacting the waterways ordinance and more specifically section 8 of that ordinance. Having found the ordinance valid, the case is set down for trial for June 8,1973.