Memorandum. Judgments of conviction affirmed.
We concur with the conclusion of the trial court that the ordinance of the Town of North Hempstead regulating water *104 skiing within Hempstead Harbor constitutes a. valid exercise of the town’s police power (see Town Law, § 130, subds. 11, 15; see, also, Matter of Wulfsohn v. Burden, 241 N. Y. 288; 59 N. Y. Jur., Towns, §§ 126, 127), and is not rendered invalid because it had not been submitted to and approved by the Commissioner of Conservation (see Town Law, § 130, subd. 17, par. [2]). The jurisdiction conferred on the commissioner over the waterways of the State under section 30 of the Navigation Law does not extend to the tidewaters of Nassau and Suffolk Counties, by reason of the exclusionary language contained in subdivision 4 of section 2 of the same statute, which takes precedence over the provisions of former section 972 of the Conservation Law. In the absence of specific State legislation governing the conduct of water skiing on tidewaters bordering on and lying within the boundaries of Nassau County, local governments may properly enact ordinances to regulate this activity (see Trustees of Brookhaven v. Strong, 60 N. Y. 56; cf. Town Law, § 130, subd. 17).
Concur — Hogan, P. J., Farley and (xagliardi, JJ.