Alexander W. Kramer, J.
This is a motion by the defendant to dismiss the information on the grounds that this court does not have jurisdiction of the offense charged.
It appears that the defendant was arrested on July 31, 1974 at the dock in Cherry Grove, Town of Islip, Suffolk County, New York, for possession of an outboard motor on which the serial numbers and all identifying marks had been removed. The defendant is charged with violating section 104 of the Navigation Law which reads as follows:
"§ 104. Defacing or removing serial numbers or identification marks on outboard motors.
"Any person who: 1. Wilfully, removes, defaces, covers, alters or destroys the manufacturer’s serial number or any other distinguishing number or identification mark on any outboard motor, or
"2. Knowingly buys, sells, receives, disposes of, conceals or knowingly has in his possession any outboard motor, from which the manufacturer’s serial number or any other distinguishing mark or identification mark has been removed, defaced, covered, altered or destroyed for the purpose of concealment or misrepresenting the identity of the said outboard motor is guilty of a class A misdemeanor.”
The defendant claims that the Navigation Law does not apply since he was arrested on the tidewaters bordering on and lying within the boundary of Suffolk County. The people claim that the tidewaters are not exempt from the application of section 104 of the Navigation Law.
Section 1 of the Navigation Law reads as follows: "This chapter shall be known as the navigation law, and shall apply to navigation and use of navigable waters of the state and regulations hereby created.”
Subdivision 4 of section 2 of the Navigation Law reads as follows: "4. 'Navigable waters of the state’ shall mean all lakes, rivers, streams and waters within the boundaries of the state and not privately owned, which are navigable in fact or upon which vessels are operated, except all tidewaters bordering on and lying within the boundaries of Nassau and Suffolk Counties. ” (Emphasis supplied.)
The word "tidewater” means waters, whether salt or fresh, *981 wherever the ebb and flow of the tide from the sea is felt (65 CJS, Navigable Waters, § 1). The court takes judicial notice that the waters abutting the dock at Cherry Grove are tidewaters bordering on and lying within the boundaries of Suffolk County. The waters abutting Cherry Grove are located in the Great South Bay which body of water is affected by the ebb and flow of the sea. In People v Gibson & Cushman of N. Y. (64 Misc 2d 138), the learned Judge Floyd of this court concluded that the waters of the Great South Bay are not "navigable waters of the state” within the definition of subdivision 4 of section 2 of the Navigation Law.
The language of the statute, excepting the tidewaters bordering on and lying within the boundaries of Nassau and Suffolk Counties from the application of the Navigation Law is explicit and unambiguous and the court need not resort to other means of interpretation to determine the legislative intent. (Matter of Smather, 309 NY 487; Anderson v MacDuff, 208 Misc 271; McKinney’s Cons Laws of NY, Book 1, Statutes, § 76.) Any attempt to do so would be superfluous.
Although the reason for the exclusion of the Nassau and Suffolk Counties’ tidewaters from the regulatory provisions of the Navigation Law is not apparent on the face of the statute it is not unfounded. The towns of Nassau and Suffolk Counties since Long Island was first settled have retained the right to regulate the navigable tidewaters along their boundaries and the courts have continually recognized this special exception. (People v Levine, 74 Misc 2d 808; Town of Islip v Powell, 78 Misc 2d 1007; People v Texaco, 81 Misc 2d 260; People v Wechsler, 79 Misc 2d 103; People v Hart, 206 Misc 490.) The reason for the exception is steeped in the history of Long Island. In People v Levine (supra, p 810), the learned court, in upholding the authority of the Town of North Hempstead to police its waterways, set forth the following historical account which explains why the exception exists: "When Long Island was first settled in the mid-1600’s large tracts of land were given by the King to individuals who had founded or were founding towns on the Island. The lands and water comprising the towns of present day Nassau County were conveyed by the Sovereign, through his representatives. The primary grants, and the ones touching North Hempstead, are known as the Kieffe and Dongan Patents. These grants conveyed all the land within certain designated boundaries. They also specifically conveyed the water and the land thereunder within *982 these boundaries. These original towns then owned the land under the water with all the 'royal prerogatives’ that went with them. When the Colony of New York was formed and the first State Constitution enacted, the patents and all the rights attaching to them were preserved.” As the Court of Appeals in De Lancey v Piepgras (138 NY 26, 38) pointed out, "colonial charters were designed to be the instruments upon which the institutions of a great political community were to be founded; and their provisions must be liberally interpreted, whenever necessary to accomplish the purpose of their creation”. A leading case on the subject is Trustees of Brookhaven v Strong (60 NY 56). In that case the rights of the town were upheld because the lands and waters were specifically included in the grant and the authority of the town over them had been recognized by both colonial and State legislation. Such recognition has continued down to this day.
The statutory exclusion of Nassau and Suffolk Counties’ tidewaters from the regulatory provisions of the Navigation Law dates at least from 1941 when the section exempted waters "connected by navigable channels with tidewater”. (L 1941, ch 941, § 2.) This section has been amended several times since its enactment and on each occasion the Legislature has, in its wisdom, continued to recognize the need for this special exception. (L 1956, ch 596; L 1958, ch 170; L 1959, ch 840; L 1965, ch 168.) Section 104 of the Navigation Law was added to the Navigation Law in 1971 (L 1971, ch 1108) and amended in 1974 (L 1974, ch 428, § 1). If the Legislature had intended to override the special exception as provided for in subdivision 4 of section 2, the Legislature could and should have so provided when they passed the enactment and amendment. If the Legislature, in fact, through some error or oversight intended but failed to override the express exception of subdivision 4 of section 2, then only the Legislature can correct its own mistake. It is not within the province of this court to change the plain language of a statute to make it conform to a supposed intent. (McCluskey v Cromwell, 11 NY 593; People ex rel. Schali v Deyo, 181 NY 425.)
In light of the enduring exception and the continued recognition of the exclusion by the courts of this State, this court must find that section 104 of the Navigation Law has no application to the tidewaters bordering on and lying within Suffolk County. This court lacks subject matter jurisdiction *983 over the offense and therefore the motion to dismiss the information must be granted.