■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSE MUNIZ, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated June 26, 1975, which dismissed the proceeding. Judgment affirmed, without costs. In our opinion petitioner was not denied his right to due process of law at the preliminary parole revocation hearing. The delay in the holding of the final parole revocation hearing was, for the most part, attributable to him and was not unreasonable under all the circumstances. Rabin, Acting P. J., Hopkins, Latham, Christ and Brennan, JJ., concur.

■ SEACOAST PRODUCTS, INC., et al., Respondents, v CITY OF GLEN COVE et al., Appellants.—In an action (1) for a declaration that certain ordinances of the City of Glen Cove and the Town of North Hempstead are invalid and (2) to enjoin enforcement of the said ordinances, defendants appeal from a judgment of the Supreme Court, Nassau County, entered February 25, 1975, which (1) granted plaintiffs' motion for summary judgment, (2) declared the said ordinances to be invalid and of no legal effect and (3) enjoined enforcement of the ordinances. Judgment affirmed, with $20 costs and disbursements. Section 4-44 of the Code of Ordinances of the City of Glen Cove and chapter 69-15 of the Code of the Town of North Hempstead are inconsistent with subdivision 5 of section 13-0333 of the Environmental Conservation Law. It is well settled that a local law may not prohibit that which State law permits *(Wholesale Laundry Bd. of Trade v City of New York,* 17 AD2d 327; id., 12 NY2d 998, affg 18 AD2d 968). A State legislative enactment renders conflicting municipal enactments inoperative (6 McQuillin, Municipal Corporations, § 24.54; 62 CJS, Municipal Corporations, § 143). Appellants concede that legislative power to regulate fishing resides generally in the State, and that migratory fish, as *ferae naturae,* are the property of the State (Lawton v Steele, 119 NY 226, affd 152 US 133). Accordingly, there is no merit to appellants' contention that section 13-0333 of the Environmental Conservation Law is in derogation of the rights conferred upon the towns of Long Island by the Kieft Patent of 1644 and the Dongan Patent of 1685. Appellants' reliance on *People v Miller* (235 App Div 226) is misplaced; that case involved shellfish and not migratory fish as *ferae naturae.* Rabin, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur.