Hon. Joseph A. Guarino Town Attorney, North Hempstead
This is in response to the letter of Deputy Town Attorney Howard M. Sinnott II wherein he states that the Town of North Hempstead, Nassau County, is contemplating the establishment of a harbor improvement district within its boundaries. He points to section 190 of the Town Law as authorizing a town to establish, by petition, a harbor improvement district if such town borders on or contains "any navigable waters of this state." Reference is also made to section 2 (4) of the Navigation Law which excludes "all tidewaters bordering on and lying within the boundaries of Nassau and Suffolk Counties" from the definition of "navigable waters of the state." Mr. Sinnott asks whether the aforesaid definition contained within the Navigation Law would also mean that the Town's waters are not "navigable waters of this state" for the purposes of section 190 of the Town Law and thus prevent the Town from establishing a harbor improvement district by petition.
We have been unable to locate any statutory definition of "navigable waters" other than that found in the Navigation Law. We do not believe, however, that the Navigation Law's definition should be applied to the term as it is used in the Town Law. It is a general rule of statutory construction that a definition contained in a particular act will ordinarily have no force in the construction of other laws (McKinney's Statutes, § 75 [b]). We feel that is particularly true in this instance in light of the historical background of the exception of Nassau and Suffolk Counties from the definition of "navigable waters" within the Navigation Law. (See People v Levine, 74 Misc.2d 808 [1973]; Town ofIslip v Powell, 78 Misc.2d 1007 [1974]; People v Texaco, 81 Misc.2d 260
[1975].) The towns of Nassau and Suffolk Counties, since Long Island was first settled, have retained the right to regulate the navigable tidewaters along their boundaries. Originally established by the King, the right has been recognized by both colonial and State legislation. This is the reason why the Navigation Law, which provides for State control of navigation and use of "navigable waters of the state" (Navigation Law, § 1) specifically excludes Nassau and Suffolk Counties from its application. With this in mind, we may now look at section 190 of the Town Law and see that it would do nothing to alter the right of a town within Nassau or Suffolk Counties to regulate its navigable waters. In fact, the harbor improvement district would be an agency of the town (Kensington v N. Hempstead, 236 App. Div. 340
[1932]) under the direct control of the town board (Town Law, § 198
[10-d]). Accordingly, we conclude that the Town of North Hempstead may establish a harbor improvement district by petition.
Mr. Sinnott presents us with one further question relating to the establishment of a harbor improvement district. He notes that Article 12-A of the Town Law permits the Town to establish improvement districts on its own motion subject to a permissive referendum. He asks whether, notwithstanding the fact that section 209-a of the Town Law does not, for the purposes of Article 12-A, include a harbor district in its definition of an improvement district, the Town may establish a harbor improvement district pursuant to this article. The resolution of this question can be found by resorting to another fundamental rule of statutory construction which states that omissions in a statute cannot be supplied by construction (McKinney's Statutes, § 363) even if its cause was an oversight or neglect of the Legislature. Therefore, the Town would not be able to establish the harbor improvement district pursuant to Article 12-A.