OPINION OF THE COURT
Anthony Corso, J.
The defendants, Frank Anton and Mary Anton, are charged with reconstructing a dock or pier without applying to the Town of Huntington for a permit (Code of Town of Huntington, § 137-18). This matter was tried before the court without a jury.
Section 137-18 of the Code of the Town of Huntington reads in part as follows: “A. No dam, impounding structure or other structure, including but not limited to any artificial obstruction * * * nor any dock, pier, wharf or other structure, temporary or permanent, used as a landing place on waters * * * shall be erected or reconstructed by any person in or across lands underwater owned by the town or on private lands without a permit issued pursuant to Subsection B hereof.”
Subsection B then sets forth the required form and content of an application for the permit.
The People have proven beyond a reasonable doubt that sometime in early January of 1979 the defendants as owners of a parcel of land adjoining the high-water mark of *126 Huntington Harbor reconstructed a damaged dock or a pier to a distance of 60 feet into the bay. Further that the defendants did so without applying for and obtaining a permit from the Town of Huntington. It is undisputed that all of the land above the high-water mark where the reconstruction took place is in the Incorporated Village of Huntington Bay. The defendants have moved to dismiss upon the ground that the Town of Huntington is without authority to regulate the construction of docks or piers and alternatively that it does not have jurisdiction over the specific parcel of bay bottom in issue.
As a general rule the regulation of the construction and reconstruction of docks and piers on the navigable waters of the State of New York rests with the State (64 NY Jur, Wharves, § 22). In exercising that authority the State has declared the construction of any docks or piers in its “navigable waters” to be unlawful without first obtaining a permit from the New York State Department of Environmental Conservation (Navigation Law, § 32; ECL 15-0503). However, the tidewaters bordering on and lying within the boundaries of Nassau and Suffolk Counties have been specifically exempted from the State law regulating the use of “navigable waters” (Navigation Law, § 2, subd 4). Hence, the tidewaters of Nassau and Suffolk Counties must be deemed to be exempt from State regulation of docks and piers (Navigation Law, § 2, subd 4; 32; People v Texaco, 81 Misc 2d 260, affd 87 Misc 2d 255; Town of Islip v Powell, 78 Misc 2d 1007).
This statutory exception has its basis in history. The townships in much of Nassau and Suffolk Counties were established long before the sovereign State of New York. Their borders and jurisdiction were created by virtue of certain land grants which conveyed large tracts of land from the King of England through his colonial governors to the respective towns of Long Island. These grants conveyed not only ownership of the land and that of the water and land thereunder but also vested the subject Long Island towns with ownership of the bays and bay bottoms within the boundaries of the described parcel. Their ownership and control over these lands and waters survived the formation of the sovereign State of New York and has long *127 been recognized as being preserved in them (Lowndes v Huntington, 153 US 1; Trustees of Brookhaven v Strong, 60 NY 56). The Legislature’s exception of the tidewaters of Nassau and Suffolk Counties from the provisions of the Navigation Law must be interpreted and applied with this historical background in mind.
Accordingly, the courts of this State have consistently recognized the authority of the Counties of Nassau and Suffolk and their respective townships to regulate the use of these navigable waters in instances where no express authority exists (see People v Texaco, 8 Misc 2d 260, affd 87 Misc 2d 255, supra [county fire prevention ordinance regulating unloading of gas from the barges in the navigable waters of the South Shore of Nassau. County]; People v Wechsler, 79 Misc 2d 103 [town ordinance regulating water-skiing in navigable waters in the Town of North Hempstead]; Town of Islip v Powell, 78 Misc 2d 1007 [town ordinance zoning waterfront lands and controlling the construction of piers, wharves and docks extending into the navigable waters of the town]; see, also, People v Abrams, 82 Misc 2d 979).
Turning now to the specifics of the case at hand, it is found that the Board of Trustees of the Town of Huntington derived its ownership over the parcel in question by virtue of the Nicols Patent dated the 30th of November, 1666 confirmed by the Dongan Patent dated August 2, 1688, and reconfirmed by the Fletcher Patent dated October 5, 1694. These patents grant title to all lands generally bounded by the Atlantic Ocean on the south, by Long Island Sound on the north, by Smithtown on the east and by Oyster Bay on the west. The validity of these patents was established in Lowndes v Huntington (153 US 1, supra). The precise boundaries created by the patents have been the subject of a considerable amount of litigation (see Tiffany v Town of Oyster Bay, 209 NY 1; Matter of Jennings v Watt, 264 NY 306; Nance v Town of Oyster Bay, 23 AD2d 9). However, there can be no doubt that the parcel of underwater land in issue is well within the boundaries established by the Nicols, Dongan and Fletcher Patents (see Lowndes v Huntington, 153 US 1, 19-25, supra [a thorough descrip *128 tian of the boundaries with reference to a printed map is set forth in the court’s opinion]).
The defendants’ claim to title of these underwater lands is unsupported by the evidence adduced at trial. The People have established ownership in the Board of Trustees of the Town of Huntington. The defendants have failed to prove in any way that the board of trustees ever made a grant of this parcel to the defendants’ predecessors in title.
Alternatively, the defendants argue that mere ownership by the town does not create jurisdiction. There can be little dispute over such a simple proposition. Ownership clearly does not create jurisdiction! However, it must be kept in mind that the patents were intended not only to convey title to the land but to “create corporate bodies” and thus “clothe the inhabitants with the power of government” (Trustees of Freeholders & Commonalty of Town of Southampton v Mecox Bay Oyster Co., 116 NY 1, 5). While it is clear that the patents do not create unfettered jurisdiction over these waters (see People v Miller, 235 AD 226, affd 260 NY 585; Seacoast Prods. v City of Glen Cove, 50 AD2d 579; Sloup v Town of Islip, 78 Misc 2d 366), they did establish the geographical boundaries of the township (see Nance v Town of Oyster Bay, 23 AD2d 9, supra).
Therefore, to the extent that a town has jurisdiction over matters within its boundaries the Town of Huntington has jurisdiction over the bay bottoms as described in the Nicols, Dongan and Fletcher Patents.
It is basic that a town has only such powers as are delegated by the Legislature of the State (Kelly v Merry, 262 NY 151). Section 130 of the Town Law sets forth those delegated powers. It provides in part that: “The town board after a public hearing may enact * * * ordinances * * * for the following purposes in addition to such other purposes as may be contemplated by the provisions of this chapter or other laws.” (Emphasis added.) None of the enumerated purposes can be construed to include the regulation of docks and piers in navigable waters. However, it is this court’s conclusion that the specific exemption of the navigable waters of Nassau and Suffolk Counties from the provisions of the Navigation Law with respect to the State’s *129 control over the construction of docks, piers and wharves (Navigation Law, § 2, subd 4; § 32), must be construed to be in contemplation of the townships within Nassau and Suffolk Counties filling the jurisdictional void and regulating the construction thereof. In essence the townships in Nassau and Suffolk Counties, by virtue of this history of their creation, their respective patents and extended boundaries, and the State’s acknowledgement thereof by exempting them from certain provisions of the Navigation Law, have been granted the implied power to enact ordinances regulating the construction of docks, piers, and wharves within their boundaries (see People v Texaco, 81 Misc 2d 260, affd 87 Misc 2d 255, supra; People v Poveromo, 79 Misc 2d 42; People v Wechsler, 79 Misc 2d 103, supra; Town of Islip v Powell, 78 Misc 2d 1007, supra).
Defendants’ reliance on subdivision 17 of section 130 of the Town Law and section 46-a of the Navigation Law which grant an incorporated village the authority to regulate vessels within 1500 feet of its shore is unfounded. Surely the regulation of the “speed”, “operation” and “anchoring” of vessels cannot be interpreted to include the construction of a dock. Those sections represent a specific grant by the Legislature to the incorporated villages of the State to regulate vessels within 1500 feet of their shore. It is to be noted that the incorporated villages of Nassau and Suffolk Counties were specifically included in that legislation so they could exercise that authority despite the previously discussed exemption of the tidewaters of Nassau and Suffolk Counties from certain provisions of the Navigation Law (Navigation Law, § 46-a). No such corresponding legislation exists with regards to the regulation of the construction of docks, piers and wharves.
Furthermore, in a case with strikingly similar facts it was held that the jurisdiction of an incorporated village is confined to its territorial limits and is without authority to regulate the unloading of fuel oil on piers which originate on the village shoreline (Incorporated Vil. of Port Jefferson v Consolidated Petroleum Term., 71 Misc 2d 948). That court stated (p 950) that: “ [n] one of the various boundary indicia (including a proposed new village perimeter) includes the site of the dock or platform where the tankers *130 tie up * * * Furthermore, the waters beneath the pier and the harbor bottom are owned or controlled by the Town of Brookhaven and not the Incorporated Village of Port Jefferson.”
The territorial limits of the Incorporated Village of Huntington Bay extend only to the “water lines” of Huntington Harbor.* Therefore the Village of Huntington Bay is without authority to regulate the construction of a dock which extends into Huntington Bay.
It is this court’s final conclusion that the Town of Huntington has jurisdiction over the construction of docks, piers and wharves within its boundaries regardless of the fact that the upland of the bay bottom in issue is within the territorial limits of the Incorporated Village of Huntington Bay.
In accordance with the foregoing this court is constrained to find the defendants guilty of violating section 137-18 of the Code of the Town of Huntington.
The defendants are to appear for sentencing at the Third District Courthouse, Huntington, New York, on October 13, 1980 at 9:30 A.M.

 In making that determination the court takes judicial notice of the metes and bounds description of the territorial limits of the Incorporated Village of Huntington Bay as set forth in their charter (CPLR 4511, subd (a)).