Stanley S. Corwin, P.C. Village Attorney, Dering Harbor
The southerly boundary of the village for which you serve as village attorney, and which is located in the County of Suffolk, is coterminous with the high-water mark of a body of navigable water. By virtue of a colonial land grant, the town in which the village is located has jurisdiction of the water and underlying land from the high-water mark to the distance described in such grant.* Based upon your letter and a telephone conversation with this office, you ask whether, in view of such town jurisdiction, the village may regulate activities such as swimming, boating, the taking of fish and shellfish, and the construction of piers and docks outside of its territorial boundary within the area from the high-water mark to a distance of fifteen hundred feet from the shore.
The Navigation Law governs navigation and the use of the navigable waters of the State and provides for State control of such matters (Navigation Law, §§ 1, 30; Town of Islip v Powell, 78 Misc.2d 1007 [Sup Ct, Suffolk Co, 1974]). Although that statute generally is not applicable to waters in Nassau and Suffolk Counties (Navigation Law, § 2[4]; see, also, Town of Islip v Powell, supra; People v Anton, 105 Misc.2d 124
[Dist Ct, Suffolk Co, 1980]; People v Abrams, 82 Misc.2d 979 [Dist Ct, Suffolk Co, 1975]; People v Levine, 74 Misc.2d 808 [Dist Ct, Nassau Co, 1973]), Navigation Law, §§ 45-b and 46-a are exceptions.** Section 45-b, "Regulation of beaches", provides:
 "Except when prohibited by reason of the laws of the United States, the board of trustees of a village may adopt, amend and enforce rules and regulations not inconsistent with law, with respect to regulating the use of beaches in or adjacent to the village and regulating swimming and bathing in open waters exposed to the public, including the use of underwater diving devices for swimming and fishing, within or bounding the village or such beaches to a distance of fifteen hundred feet from shore, including any waters within or bordering a village in the county of Nassau or Suffolk * * *.
* * *
 "The provisions of this section shall be controlling notwithstanding any contrary provisions of law." (Emphasis supplied.)
Section 46-a, "Regulation of vessels", provides:
 "(1) The * * * board of trustees of a village may adopt, amend and enforce local laws, rules and regulations not inconsistent with the laws of this state or the United States, with respect to:
 "a. Regulating the speed and regulating and restricting the operation of vessels while being operated or driven upon any waters within or bounding the appropriate * * * village, including any waters
within or bordering a village in the county of Nassau or Suffolk, to a distance of fifteen hundred feet from the shore.
 "b. Restricting or regulating the anchoring or mooring of vessels in any waters within or bounding the
appropriate * * * village to a distance of fifteen hundred feet from the shore.
 "c. Restricting and regulating the anchoring or mooring of vessels in such waters when used or occupied as living or sleeping quarters * * *.
* * *
 "e. Designating public anchorage area or areas and regulating the use thereof.
 "(2) No such local law, rule or regulation shall take effect until it shall have been submitted to and approved in writing by the commissioner of parks, recreation and historic preservation.
 "The provisions of this section shall be controlling notwithstanding any contrary provision of law." (Emphasis supplied.)
While the jurisdiction of an incorporated village, including the police power and zoning power, is generally confined to its territorial limits (People v Anton, supra; Town of Islip v Powell, supra; Inc. Village ofPort Jefferson v Consolidated Petroleum Terminal, Inc., 71 Misc.2d 948
[Sup Ct, Suffolk Co, 1972]), sections 45-b and 46-a of the Navigation Law extend such jurisdiction fifteen hundred feet beyond the shoreline with respect to the regulation of beaches and vessels (Navigation Law, §§ 45-b, 46-a; Inc. Village of Port Jefferson vConsolidated Petroleum Terminal, Inc., supra; People v Anton, supra).
Towns also have been granted the power to regulate the operation of vessels in any waters within or adjacent to their boundaries to a distance of fifteen hundred feet from the shore (Town Law, §130[17]), but such jurisdiction does not apply to "waters within or bounding an incorporated village to a distance of fifteen hundred feet from the shore, jurisdiction with respect to which is vested in the board of trustees of a village by the provisions of subdivision sixty-three of section eighty-nine of the village law", now Navigation Law, § 46-a
(Town Law, § 130[17][3]; see L 1972, ch 888).
We think it is clear from the Legislature's use of the phrase "any waters" in Navigation Law, §§ 45-b and 46-a, and from the restriction on town jurisdiction over vessels contained in Town Law, §130(17)(3), that your village's jurisdiction over beaches and vessels under sections 45-b and 46-a extends to waters owned by or under the jurisdiction of the town. The language of sections 45-b and 46-a is clear, and the Legislature has not provided for any exceptions. Furthermore, the fact that villages in Nassau and Suffolk Counties were expressly granted these powers at a time when ownership of these waters had long since been granted to townships in such counties under the colonial grants indicates that the Legislature intended village jurisdiction to extend to such waters.
We are of the opinion, therefore, that your village may regulate those activities specified in Navigation Law, §§ 45-b and 46-a outside of its territorial boundary to a distance of fifteen hundred feet from the shore, notwithstanding town ownership of the land underlying the water.*
We wish to point out that village regulation of vessels under the Navigation Law cannot be inconsistent with applicable Federal or State law (see, for example, 33 U.S.C. ch 34, §§ 2001-2073, governing inland navigation on navigable waters; Environmental Conservation Law, Art 25; 6 NYCRR, Part 661).
We find no authority for village regulation of fishing and shellfishing in waters outside of its territorial boundary and note that such activity is within the jurisdiction of the State Department of Environmental Conservation (see, Environmental Conservation Law, Art 11, known as the "Fish and Wildlife Law"). Towns specifically have been granted the power to regulate the taking of shellfish (Town Law, § 130[18]). Nor is there any authority for village regulation of the construction of piers and docks located outside of the village's boundary (see, People vAnton, supra; Incorporated Village of Port Jefferson v ConsolidatedPetroleum Terminal, Inc., supra). We note that the village itself may construct or extend public docks, within or without its corporate limits, provided that one end of any such dock is within the village (Village Law, § 4-412[8]). The consent of the town board is required where the dock will extend into the town (ibid.).
We conclude that a village may regulate swimming and, where not inconsistent with applicable Federal and State law, the operation, anchoring and mooring of vessels in waters bounding the village to a distance of fifteen hundred feet from the shore. There is no authority for village regulation of fishing, shellfishing, or the construction of piers and docks in such area.
* The colonial land grants to the townships in Nassau and Suffolk Counties established the geographical boundaries and jurisdiction of such townships, which included such waters and the land thereunder (People vAnton, 105 Misc.2d 124 [Dist Ct, Suffolk Co, 1980]; People v Abrams,82 Misc.2d 979 [Dist Ct, Suffolk Co, 1975]; People v Texaco, Inc.,81 Misc.2d 260 [Dist Ct, Nassau Co, 1975]; People v Levine, 74 Misc.2d 808
[Dist Ct, Nassau Co, 1973]).
** The exemption of waters in Nassau and Suffolk Counties from State regulation under the Navigation Law is in recognition of the jurisdiction granted to townships in such counties over their waters by virtue of the colonial grants (Town of Islip, supra; People v Anton, supra; People vAbrams, supra; People v Levine, supra).
* Although the waters in Nassau and Suffolk Counties were expressly included in Navigation Law, § 46-a(1)(a) but not in section 46-a(1)(b) or (c), we believe that villages in those counties possess the full range of powers provided for in section 46-a. Section 46-a derived from former Village Law, § 89(63). Section 89(63) was virtually identical to present section 46-a. It applied to "any waters", including those in Nassau and Suffolk Counties, and it granted to villages in such counties the full range of powers over vessels presently contained in section 46-a. Section 89(63) was transferred in substance to the Navigation Law as part of the recodification and revision of the Village Law (L 1972, ch 888; Governor's Approval Message and Memorandum to Governor from J. Harry Penrose, Associate Counsel to the Office of Local Government, in relation to Assembly Int 9258-A, later enacted as Navigation Law, § 46-a). The purpose of such transfer was to place section 89(63) in a statute which dealt generally with its subject matter (ibid.). No change in the substance of section 89(63) was intended (ibid.). In view of this, we believe that, in enacting section 46-a, the Legislature intended that villages in Nassau and Suffolk Counties continue to possess the full range of powers over vessels as they had under former section 89(63), and that its failure to include waters in such counties in section 46-a(1)(b) and (c) was, therefore, inadvertent.