John B. Nesbitt, Esq. Village Attorney, Sodus Point
You ask whether a village may regulate the construction and placement of docks located outside the village's boundary.
The Village of Sodus Point borders on Great Sodus Bay and Lake Ontario. As stated in your letter, the village has become concerned about a recent increase in the docks and boat houses being built on the bay. The village is interested in maintaining some uniformity in the placement and construction of these structures.
In September, 1983, the Village of Dering Harbor requested our opinion in a similar situation (Op Atty Gen [Inf] No 83-56). Dering Harbor borders on a navigable body of water, and the village attorney inquired as to whether the village could regulate activities such as swimming, boating, the taking of fish and shellfish, and the construction of piers and docks outside of its territorial boundary, but within the area from the high-water mark to a distance of fifteen hundred feet from the shore. We concluded that although a village may regulate swimming and, where not inconsistent with applicable Federal and State law, the operation, anchoring and mooring of vessels in waters bounding the village to a distance of fifteen hundred feet from the shore, there is no authority for village regulation of fishing, shellfishing, or the construction of piers and docks in such area (ibid.).
Jurisdiction over New York's navigable water is held by the State; specifically, the Commissioner of Environmental Conservation (Navigation Law, § 30; People v Anton, 105 Misc.2d 124, 126 [Dist Ct, Suffolk Co, 1980]). Some powers over these navigable waters has been delegated to local authorities. Navigation Law, § 46-a gives a local government the power to regulate the operation, anchoring and mooring of vessels within fifteen hundred feet of the village or city border line. There is no provision in that section or elsewhere giving a village the authority to regulate the construction of piers.
Until July 13, 1983, a permit from the Department of Conservation was required to build a dock or pier on a navigable body of water (Environmental Conservation Law, § 15-0503). At that time, however, the law was amended, and permits were no longer required for the construction of docks and piers that did not require excavation or fill (L 1983, ch 442, § 1). Your letter contends that because there is no longer a State requirement for docks and piers, the State has relinquished its jurisdiction and the village may now step in and impose regulations.
The deregulation of dock and pier construction does not mean, however, that the State no longer has jurisdiction over the navigable waters bordering a village. Apparently pier and dock construction was deregulated because the Department of Environmental Conservation concluded that the environmental impact of piers and docks is minimal. It did not intend to turn the regulating authority over to local governments. Navigation Law, § 30, which grants the State exclusive jurisdiction over the State's navigable waters, has not been amended pursuant to pier and dock deregulation, and remains in full effect (Townof Islip v Powell, 78 Misc.2d 1007 [Sup Ct, Suffolk Co, 1974]). The village's jurisdiction, including its police and zoning powers, in the absence of a specific grant from the Legislature, is confined to its territorial limits, which end at the shoreline (Town of Islip, supra). Although the State has granted municipalities jurisdiction over various offshore activities (Navigation Law, §§ 45-b, 46-a), these grants are narrow and specific and do not include the power to regulate pier and dock construction (People v Anton, supra). It is our opinion that without a specific grant of authority by the Legislature a village lacks the authority to regulate pier and dock construction outside its jurisdiction.
The Dering Harbor opinion (Op Atty Gen [Inf] No. 83-56) is dated September 26, 1983; pier and dock deregulation became effective July 13, 1983 (L 1983, ch 442, § 1). Therefore, the Dering Harbor opinion was written after dock deregulation, and presumably took it into account. For purposes of the Opinions of the Attorney General, therefore, deregulation is not a new development. As we did for the Village of Dering Harbor, we conclude that the deregulation does not have the effect of granting local authorities the authority to regulate.
Navigation Law, § 46-a gives a municipality the authority to regulate "the anchoring and mooring of vessels in any waters within or bounding the appropriate city or village to a distance of fifteen hundred feet from shore". Read broadly, this provision would appear to give a municipality authority to regulate some aspects of piers and docks, as long as it could be related to anchoring or mooring. People v Anton,supra, however, specifically concluded that this section could not be read to include pier and dock construction (id., at 129).
We conclude that there is no authority for village regulation of the construction of piers and docks in navigable waters bounding the village.