Thelma Neira, Esq. Informal Opinion Special Assistant Town Attorney No. 2004-5 Town of Huntington 100 Main Street Huntington, New York 11743-6991
Dear Ms. Neira:
You have requested an opinion about the respective jurisdiction of the Town of Huntington, located in Suffolk County, and the villages lying within the geographic boundaries of the Town to regulate activities on navigable waters within the boundaries of the Town. You have explained that these waters are "tidal waters" within the meaning of Navigation Law § 2(4), which specifically excludes tidewaters in Nassau and Suffolk Counties from the definition of navigable waters of the State. You have also provided us with a copy of special State legislation dealing with Town waterways (L. 1957, ch. 158).
Your letter indicates that your office proposed amendments to the Code of the Town of Huntington as it pertains to the operation of vessels, anchoring and mooring of vessels and the use of town marinas, docks and ramps in the harbors and waterways within the Town's boundaries. We understand from subsequent materials you provided that the proposed amendments have been enacted by the Town Board. As set forth in its "applicability clause," this local law applies to "the use of all harbors and waterways within the Town of Huntington, including all inland lakes and millponds, and to the harbors and waterways within the incorporated villages of the Town of Huntington to the extent not provided for by contract with an incorporated village." However, this clause also provides that "[n]othing contained in this Article is intended to apply to harbors and waterways within or bounding an incorporated village of the Town of Huntington to a distance of fifteen hundred feet from the shoreline of such village as provided in § 46-a(1) of the New York State Navigation Law, or other applicable or successor law."
You have asked whether the Town may regulate water activities in waters within an incorporated village of the Town but more than a distance of 1500 feet from the village's shoreline. The crux of the issue is whether the Town may regulate activities in waters that lie within a village's geographic boundaries or whether (absent the village's consent to Town jurisdiction) a village has exclusive local authority to regulate these activities in waters within its geographic boundaries. You have indicated that the Villages of Lloyd Harbor and Huntington Bay have expressed concern over the applicability of the local law, particularly as to waters that lie within a village's geographical boundaries, and we have received input from each of these villages regarding the matter[1]. We conclude that under State law, the Town has authority to regulate certain activities in waters within an incorporated village of the Town and more than 1500 feet from the village's shore. But as to other water activities not subject to express State delegation, we conclude that the Town's regulations extend only to those portions of the Town located outside the boundaries of any incorporated villages.
ANALYSIS
As a general rule, navigable waters are subject to the sole jurisdiction and control of the State, and thus local governments have only the limited authority to regulate surface water activities delegated to them by the State Legislature. See Melby v. Duffy, 304 A.D.2d 33, 36 (2d Dep't), lv. denied, 100 N.Y.2d 507 (2003); Navigation Law § 30; Op. Att'y Gen. (Inf.) No. 97-29. The State Navigation Law, however, specifically excludes "all tidewaters bordering on and lying within the boundaries of Nassau and Suffolk Counties" from the definition of "navigable waters of the state." Navigation Law § 2(4). This exemption is based upon the unique history of the towns in these counties. The boundaries of many of the towns in Nassau and Suffolk date back to colonial land grants that predate the existence of New York State. These grants conveyed ownership and jurisdiction not only over the land, but also over the waters and underwater lands within the described boundaries. See, e.g., Matter ofRottenberg v. Edwards, 103 A.D.2d 138, 140-41 (2d Dep't 1984). Thus, pursuant to these colonial land grants and the statutory exemption in Navigation Law § 2(4), courts have recognized that towns in Nassau and Suffolk Counties have authority to regulate tidal waterways and underlying lands within their boundaries even absent express statutory authority. See Melby v. Duffy, 304 A.D.2d at 37; Incorporated Village ofManorhaven v. Ventura Yacht Servs., Inc., 166 A.D.2d 685 (2d Dep't 1990); People v. Anton, 105 Misc.2d 124, 127 (Suffolk Co. Dist. Ct. 1980); People v. Wechsler, 79 Misc.2d 103, 104 (App. Term, 2d Dep't 1974).
Because of their exclusion from the definition of "navigable waters of the state," the tidal waters in Nassau and Suffolk Counties generally are not subject to the Navigation Law. However, these waters are specifically covered by sections 45-b (regulation of beaches) and 46-a (regulation of vessels) of the Navigation Law. See Op. Att'y Gen. (Inf.) No. 83-56. Section 46-a, the provision relevant to your inquiry, delegates to cities and villages, including villages in Nassau and Suffolk Counties, the authority to regulate certain boating activities, and addresses the jurisdictional reach of such local regulation. Town Law § 130 similarly addresses the authority of towns to regulate specific water activities, including the speed, operation, anchoring and mooring of vessels; sewage disposal from vessels; and the designation and regulation of public anchorage areas. Therefore, in determining the Town's authority to regulate water activities in waters that lie within the geographic boundaries of a village, we must separately examine those activities covered by the State laws and those that fall outside these specific delegations.
A. Regulation of Activities Addressed in State Statutes
Section 46-a of the Navigation Law authorizes a city or village to adopt and enforce local laws, rules and regulations with respect to the speed and operation of vessels "while being operated or driven upon any waters within or bounding the appropriate city or village, including any waterswithin or bordering a village in the county of Nassau or Suffolk, to a distance of fifteen hundred feet from the shore." Navigation Law §46-a(1)(a) (emphasis added). This provision also authorizes cities and villages to regulate the anchoring and mooring of vessels (including those used for living or sleeping quarters), the removal of garbage from such vessels, and the designation of public anchorage areas and regulation of their use. Id. § 46-a(b) — (e). Although subdivisions (b) through (e) do not expressly refer to waters within or bordering villages in Nassau and Suffolk Counties, we have previously indicated our belief that, based upon the legislative history of this section, the villages in these counties also possess the full range of powers provided for in section 46-a. See Op. Att'y Gen. (Inf.) No. 83-56; see also Memorandum of Attorney General in Support (May 2, 1972), reprinted in Bill Jacket for ch. 888 (1972), at 4 (stating that amendment is intended to "include any waters within or bordering a village in Nassau or Suffolk in the regulation of beaches and vessels"). Thus, villages in Suffolk County have authority to regulate these specified activities upon "any waters within or bordering [the village] to a distance of fifteen hundred feet from the shore." Navigation Law § 46-a(1)(a).
Using similar language, Town Law § 130 grants towns the power to regulate the speed and operation of vessels, personal watercraft and specialty prop-craft; the mooring and anchoring of vessels (including houseboats); sewage disposal and garbage removal from such vessels; and the designation and use of public anchorage areas. See Town Law § 130(17)(1). Town Law § 130 also grants towns in Suffolk County (and in other enumerated counties) the power to regulate the size and horsepower of inboard and outboard motors._Id. § 130(17)(1)(a). Towns are authorized to regulate such activities in "any waters within or bounding the town to a distance of fifteen hundred feet from the shore."_Id. § 130(17)(1). With respect to regulating the speed and operation of vessels, the authority of towns in Suffolk and Nassau Counties extends to "all tidal waters upon lands within the geographic boundaries of such town and those waters contiguous with the town to a distance of fifteen hundred from shore and not within any other town." Id. § 130(17)(1)(a).
In recognition of the fact that towns and villages may have overlapping jurisdiction under these provisions, the Legislature has determined that a village's jurisdiction is dominant as to waters within or bounding the village, to a distance of 1500 feet from the village's shores. See id. § 130(17)(2) (town's authority does not apply to "waters within or bounding an incorporated village to a distance of fifteen hundred feet from the shore, jurisdiction with respect to which is vested in the board of trustees of a village by the provisions of subdivision of section forty-six-a of the navigation law")[2].
Because of the geographical location of the villages within the Town of Huntington, the effect of giving villages dominant jurisdiction as to waters within 1500 feet of the village's shore was to preclude the Town from regulating more than 75% of its inland waterways. Accordingly, the Town sought, and obtained, special State legislation allowing it to regulate waters within 1500 feet of a village's shoreline with the village's consent. See Memorandum of Town of Huntington (March 13, 1957), reprinted in Bill Jacket for ch. 158 (1957), at 7. Pursuant to Chapter 158 of the Laws of 1957, the Town's authority to adopt ordinances regulating the speed, operation, mooring and anchoring of vessels and the size and horsepower of motors extends, upon the consent of the village board of trustees, to the shoreline of any incorporated village. Thus, if the Town of Huntington obtains a village's consent, it may regulate such activities in waters within 1500 feet of the village's shore, notwithstanding that Town Law § 130(17)(2) and Village Law § 46-a otherwise reserve local regulation of such waters to villages.
Your local law purports to extend the Town's jurisdiction over a variety of water activities to waters within the incorporated villages of the Town but more than a distance of 1500 feet of the village's shoreline. You have asked whether the governing State statutes permit Town regulation of waters that lie within the geographic boundaries of a village. With respect to the subjects addressed in Navigation Law § 46-a
and Town Law § 130(17) (the speed, operation, anchoring and mooring of vessels; the size and horsepower of motors; the removal of garbage from vessels; and the designation of public anchorage areas and regulation of their use), the Legislature has specifically determined the respective jurisdictions of towns and villages as to the regulation of these subjects, including the villages and towns in Nassau and Suffolk Counties.
As discussed, the relevant statutes authorize Town regulation of the designated activities in "any waters within or bounding the town to a distance of fifteen hundred feet from the shore," Town Law § 130(17)(1), but absent consent from an incorporated village, provide villages with exclusive local jurisdiction over such activities in waters "within or bounding [the village] to a distance of fifteen hundred feet from the shore." Navigation Law § 46-a(1); Town Law § 130(17)(2); L. 1957, ch. 158. Your inquiry raises two issues of statutory construction. The first question is whether the 1500-foot limitation on the delegation of authority to villages modifies only "waters bounding" the village, thus giving a village dominant regulatory authority over all waters within its geographic boundaries, or whether the 1500-foot limitation applies to waters both "within" and "bounding" the village, thus limiting the village's exclusive regulatory authority to those waters closest to its shore.
Under a plain reading of these statutes, the 1500-foot limitation on the delegation of authority to villages modifies both "waters within" and "waters bounding" the village. See A.J. Temple Marble Tile Co. v.Union Carbide Marble Care, Inc., 87 N.Y.2d 574, 580 (1996) ("Where, as here, a descriptive or qualifying phrase follows a list of possible antecedents, the qualifying phrase generally refers to and modifies all of the preceding clauses."); Statutes § 254, cmt, 1 McKinney's Cons. Laws of N.Y. at 418 (1971) ("where general words appear at the end of a sentence and following several possible antecedents, they usually refer to, and modify, the whole sentence and not merely the last preceding antecedent").
This reading of the statute is also supported by legislative history. The legislative history of Navigation Law § 46-a (and the predecessor Village Law provision) contains no clear expression of legislative intent with respect to this issue. However, memoranda commenting on proposed amendments to subdivision 17 of Town Law § 130 describe that statute as permitting town regulation of activities within 1500 feet from the shore and restricting towns from regulating waters within 1500 feet of an incorporated village's shores, without distinguishing between waters "within" or waters "bounding" a town. See Joint Sponsors Memorandum,reprinted inBill Jacket for ch. 508 (1989), at 5 ("Currently towns lack the authority to regulate the speed and operation of vessels in waters beyond 1500 feet of the shore.")[3]; Memorandum of Ass'n of Towns of State of N.Y. (Apr. 11, 1960), reprinted in Bill Jacket for ch. 796 (1960), at 14-15. Inasmuch as the language of Navigation Law § 46-a
describing the jurisdictional reach of village regulation mirrors that of the Town Law provision, we conclude that this statute permits village regulation only within 1500 feet of the village's shore, regardless of whether the jurisdictional boundaries of the village extend beyond the shoreline[4].
Having determined that Navigation Law § 46-a and Town Law § 130 provide exclusive village jurisdiction to only those waters 1500 feet from the village's shore, the second issue is whether these statutory schemes expressly permit town regulation of waters that lie within a village's geographic boundaries (to a distance of 1500 feet from the shore). We believe they do. Generally, the local laws, ordinances and regulations of a town are effective only in that portion of a town outside of any incorporated villages, except where otherwise provided by statute. See
Municipal Home Rule Law § 11(3); Town Law § 132. We believe Town Law §130(17) constitutes such a statutory exception. By referring to town regulation of "any waters within or bounding the town" to a distance of 1500 feet (emphasis added), and specifically excluding therefrom waters within or bounding a village to a distance of 1500 feet from the village's shore, we believe Town Law § 130(17) contemplates town regulation of waters within a village and more than 1500 feet from the village's shore.
The fact that a body of water is located wholly within the village's geographic boundaries, as you have indicated is the case in the Village of Lloyd Harbor, does not alter our conclusion. The statutes refer to waters "within" a village's geographic boundaries and makes no distinction between waters lying partly or wholly within the village's boundaries. The fact that waters wholly within the village are tidal waters otherwise subject to regulation and control by the Town, rather than by the State, likewise does not alter the result. Navigation Law §46-a, Town Law § 130(17) and Chapter 158 of the Laws of 1957 specifically refer to such waters and define the regulatory authority of the respective jurisdictions.
In sum, as to the activities enumerated in Navigation Law § 46-a and Town Law § 130(17), the regulatory authority of the Town of Huntington may extend to waters located within an incorporated village more than 1500 feet from the village's shore. Pursuant to Chapter 158 of the Laws of 1957, the Town's authority over the enumerated activities may extend, with the village's consent, to the village's shoreline.
B. Regulation of Activities Not Addressed by the State Statutes
With respect to the regulation of water activities that are not specifically addressed by State statute, such as the construction, placement and permitting of private docks and moorings [5], we reach a different result as to the Town's authority to regulate such activities in waters within a village's geographical boundaries. Because the Town is not regulating these activities pursuant to a specific statutory delegation, its jurisdictional reach is not defined by the Town Law and Navigation Law. Instead, the Town's regulatory power arises from its ownership and control of the underwater lands, and therefore the Town's jurisdiction is determined by the ordinary principle that a town's police powers extend only to those parts of the town that lie outside the boundaries of any incorporated villages. Accordingly, we conclude that the Town's regulation of these activities does not extend to waters lying within a village's geographic boundaries.
As noted, in light of the State's paramount control over navigable waters, local governments are ordinarily without authority to regulate water activities absent a specific delegation from the State Legislature. See Town of Alexandria v. MacKnight, 281 A.D.2d 945 (4th Dep't 2001); Erbsland v. Vecchiolla, 35 A.D.2d 564, 565 (2d Dep't 1970),aff'd sub nom. Erbsland v. Rubin, 33 N.Y.2d 787 (1973); Op. Att'y Gen. (Inf.) No. 97-29; Op. Att'y Gen. (Inf.) No. 84-53. However, in recognition of the exclusion of tidal waters in Nassau and Suffolk Counties from the definition of navigable waters of the State, see Navigation Law § 2(4), and the fact that rights over waters and underwater lands were conferred on towns in these counties via colonial land grants, courts have recognized the authority of towns in these counties to regulate water activities in the absence of State delegation. See Matter of Rottenberg v. Edwards, 103 A.D.2d 138 (2d Dep't 1984) (construction of bulkhead); People v. Anton, 105 Misc.2d 124
(Dist. Ct. Suffolk Co. 1980) (dock construction); People v. Wechsler,79 Misc.2d 103 (prohibition of water skiing) (App. Term, 2d Dep't 1974);Town of Islip v. Powell, 78 Misc.2d 1007 (Sup.Ct. Suffolk Co. 1974) (dock construction).
The town's authority to regulate such activities therefore stems from its police powers. As noted, unless otherwise provided by statute, a town's police power is operative only in those portions of the town outside any incorporated villages. See Municipal Home Rule §§ 10(1)(ii)(a)(12)(a), 11(3); Town Law § 132; Op. Att'y Gen. (Inf.) No. 90-69. Thus, because the Town's regulation of dock construction and other activities does not flow from specific State authorization defining the regulation's jurisdictional reach, absent any intermunicipal agreement, the Town regulations extend only to those portions of the waters lying within the Town's boundaries, outside of any incorporated village.
Nor do we believe the Town's ownership of underwater lands that lie within a village's geographical boundaries mandates a different result.See Op. Att'y Gen. (Inf.) No. 83-56 (village may regulate activities under Navigation Law §§ 45-b and 46-a outside of territorial boundary to a distance of 1500 feet, notwithstanding town ownership of land underlying the water); 1974 Op. Att'y Gen. (Inf.) 111 (authority of town to regulate vessels under Town Law § 130 does not extend to waters within 1500 feet of village's shore notwithstanding town's ownership of underwater lands).
Consequently, we conclude that the Town's regulation of water activities that are not governed by State statute is not effective in waters that lie within the geographic boundaries of an incorporated village. In contrast, with respect to the regulation of water activities enumerated in the Navigation Law and Town Law (the speed, operation, anchoring and mooring of vessels; the size and horsepower of inboard and outboard motors; sewage disposal and garbage removal from vessels; and the designation and regulation of public anchorage areas), the Town's regulatory authority may extend to waters within an incorporated village, but more than 1500 feet from the village's shore. Under Chapter 158 of the Laws of 1957, the Town may also regulate the enumerated activities in waters 1500 feet or less from the village's shoreline, with the village's consent.
The Attorney General issues formal opinions only to officers and departments of State government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
LAURA ETLINGER, Assistant Solicitor General
In Charge of Opinions
By:___________________________ Melanie Oxhorn Assistant Solicitor General
[1] With respect to the Village of Lloyd Harbor, you have indicated that the boundary line of the Village runs along the shoreline, although it extends across the mouth of Lloyd Harbor proper, so that all of the Harbor lies within the boundaries of the Village.
[2] We have previously concluded that the village's jurisdictional authority must be recognized whether or not the village has chosen to exercise its authority to regulate, and thus only the remaining area can be regulated under town jurisdiction. See 1974 Op. Att'y Gen. (Inf.) 111; 1959 Op. Att'y Gen. (Inf.) 175; see also 1956 Op. State Compt. No. 8250.
[3] Pursuant to the 1989 amendment to Town Law § 130(17), towns in Nassau and Suffolk County have authority to regulate the speed and operation of vessels in all tidal waters that lie within the town, not just the waters within 1500 feet of their shore. See Town Law § 17(1)(a). This extended jurisdiction over such activities, however, remains secondary to the villages' exclusive delegation over waters within 1500 feet of a village's shore. See id. § 130(17)(2).
[4] We note that as originally enacted (in Village Law § 89(63)), the syntax of the regulatory grant to villages was slightly different: the original statute permitted village regulation of vessels "while being operated or driven upon any waters or waterways in the village, or while being operated or driven upon any waters or waterways adjacent, to a distance of fifteen hundred feet from the shore." L. 1935, ch. 346. The fact that the clause referring to the regulation of vessels "or while being operated or driven upon any waters or waterways adjacent" was set off from the first clause by a comma, created a potential ambiguity as to whether the 1500-foot limitation merely applied to waters "adjacent" to the village boundaries or also applied to waters "in the village". See
Statutes § 253, cmt., 1 McKinney's Cons. Laws of N.Y. at 417-18 (1971) ("The use of a comma before the disjunctive `or', in construing a sentence in a statute, ordinarily indicates an intention to discriminate the first half of sentence from the second half."). We believe any such ambiguity was eliminated by a 1960 amendment that, in addition to expanding the types of boats and activities that villages could regulate, also modified the statutory language to make it comparable to that in the Town Law. See L. 1960, ch. 797 (a village's regulatory power extends to those boats "being operated or driven upon any waters withinor bounding the village, to a distance of fifteen hundred feet from theshore" (emphasis added)).
[5] The statutory grant of authority in Town Law § 130(17) and Navigation Law § 46-a to regulate the anchoring and mooring of vessels has been interpreted as not encompassing the regulation of docks. SeePeople v. Anton, 105 Misc.2d at 129; 1963 Op. Att'y Gen. (Inf.) 141; cf. Navigation Law § 46-a(2),(4) (giving specific villages and towns the authority to regulate the construction and location of moorings and docks); Environmental Conservation Law § 15-0503(1)(b),(c) (Department of Environmental Conservation ("DEC") permit required for construction of certain docks and moorings, although DEC may delegate permitting authority to local governments with comparable or more protective local law).