Memorándum. In this action, defendant was charged with permitting fresh fill to be dumped onto property below the mean high watermark of the Nissequogue River without obtaining the' permit required by chapter 25B-3 of the Code of the Town of Smithtown. After trial, the trial count (see 71 Misc 2d 524) held that ;
1. Title to the land in question was held by the State in trust for the People’s use.
2. The State has evinced a clear and unambiguous intent to exercise complete control over these lands (Conservation Law, § 400-a et seq. [now ECL, art. 15, '§ 15-0101 et seq.]).
3. The town, a creature of the State, may exercise only such power as is delegated to it by the State and that in the absence of a grant of powers, which would enable the town to graiat a permit, section 25B-3 of the town ordinance is unconstitutional.
This court agrees with the lengthy and well-reasoned decision of the trial court with respect to the first two items listed above. The controlling statute (Conservation Law § 400-a, subd. 1) provides that: ‘£ The sovereign power to regulate and control the water resources of this state ever since its establishment has been and now is vested exclusively in the state of New York ” (now ECL 15-0103, .subd. 1).
*43 Subdivision (1) of section 401 of the Conservation Law (now ECL 15-0105, subd. 1) provides that:
“ The regulation and control of the water resources of the state of ¡New York be exercised only pursuant to the laws of this state ”.
Moreover, the Attorney-General has expressed a similar opinion (see 1966 Opns. Atty. iGen. 16-20).
This court is, however, constrained to disagree with the third holding of the trial court. Subdivision 1 of section 429-b of the Conservation Law (now ECL 15-0505, subd. 1) governs permits for tidewater (such as the Nissequogue River) and provides that: “No person * * * shall excavate or place fill in the navigable waters of the state as defined by Subdivision 4 of Section 2 of the Navigation Law, unless a permit therefor shall have first been obtained ”.
Subdivision 4 of section 2 of the Navigation Law defines “ Navigable waters of the state ” as: “ all lakes, rivers, streams and waters within the boundaries of the state * * * which are navigable * * * except all tidewaters bordering on and lying ¡within the boundaries of Nassau and Suffolk counties.”
Therefore, section 429-b of the Conservation Law does not apply to Nassau and Suffolk 'County tidewater (see People v. Gibson & Cushman, 64 Misc 2d 138; 1966 Opns. Atty. Gen. 16).
The question now before this court is: whereas title to the land in issue is vested in the State; whereas the Legislature has expressed ¡a clear intent to retain control and possession over all the waters of the State and yet has permitted an exception from the State permit requirement for the tidewaters of Nassau and Suffolk Counties, can a local municipality require a permit to dredge or fill land which it does not own? It is our opinion that the answer is yes.
By enacting various sections of the Town Law, the Legislature has ¡granted towns the authority to control landfill operations. .Under .subdivision 3 of section 64 of said law, the town board ‘ ‘ Shall have the management, custody and control of all town lands ”. Subdivision 10-a of section 64 of said law provides that the town board may provide for control “ over the filling or diversion of streams and watercourses ” (see Matter of Bernhard v. Caso, 19 N Y 2d 192; see, also, Town Law, § 81, subd. 1, par. [g]; § 130, subds. 15, 18). It is therefore our opinion that the town could pr operly enact its “ marine law ’ ’ and require ¡any person wishing to deposit or remove any material from the river to first obtain a permit.
*44 While there was what appears to be a full and complete trial, the trial court did not pass on the facts in rendering its decision. Under these circumstances, we are constrained to order a new trial at which time the evidence will be passed upon by the trier of facts.
Trial order, dismissing the information upon the ground that the ordinance upon which it is based is' unconstitutional, is unanimously reversed on the law and a new trial ordered.
Concur — Glic-kman, P. J., Pittoni and Farley, JJ.