■ VILLAGE OF EAST HILLS, Appellant, v HARRY J. SIEGEL et al., Constituting the Town of North Hempstead Board of Zoning and Appeals, Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondents which granted a variance permitting the construction of a walled outdoor storage area as an extension of an existing structure, petitioner appeals from a judgment of the Supreme Court, Nassau County (Burke, J.), dated November 18, 1980, which dismissed the petition. Judgment affirmed, without costs or disbursements. As nonresidents of the Village of East Hills, respondents, the members of the Board of Zoning and Appeals, Town of North Hempstead, would have no status to question a determination of the village zoning board. Likewise, "[t]he jurisdiction of the board of trustees of any village is confined to property and persons within the territorial limits of the village." (*Matter of Browning v Bryant,* 178 Misc 576, 577, affd 264 App Div 777.) Petitioner, the Village of East Hills, would thus not constitute a "person or persons, jointly or severally aggrieved" by the respondents' decision, within the meaning of subdivision 7 of section 267 of the Town Law. Accordingly, the village has no standing to bring an article 78 proceeding to review a decision of North Hempstead's Board of Zoning and Appeals. (See *Matter of Village of Russell Gardens v Board of Zoning & Appeals of Town of North Hempstead,* 30 Misc 2d 392; 2 Anderson, New York Zoning Law and Practice [2d ed], § 22.06.) Rabin, J. P., Gulotta, Cohalan and Bracken, JJ., concur.