In the Matter of REBA ROTTENBERG et al., Appellants, v KENNETH S. EDWARDS, JR., as Chairman of the Board of Zoning Appeals, Town of East Hampton, et al., Respondents.

Second Department, August 6, 1984

**APPEARANCES OF COUNSEL**

*Cruser, Hills, Hills & Besunder* (*Edgar Hills* of counsel), for appellants.

*Gary N. Weintraub, Town Attorney,* for respondents.

**OPINION OF THE COURT**

TITONE, J. P.

In this CPLR article 78 proceeding, petitioners appeal from a judgment of the Supreme Court, Suffolk County, dismissing their petition seeking to review a determination of the Zoning Board of Appeals of the Town of East

Hampton which denied their application for a special construction permit. They claim that the Board lacked subject matter jurisdiction and that, in any event, the determination is arbitrary and capricious. We disagree and affirm.

The salient facts are undisputed. Petitioners own certain residential properties located on bluffs overlooking Gardiner's Bay in the Town of East Hampton. It appears that a serious erosion problem developed after the homes were constructed and, in an effort to halt that erosion, petitioners constructed wooden bulkheads. The bulkhead construction, however, caused an erosion of the beach itself and petitioners focused on another solution, namely, the building of groins.*

Applications for permission to construct a groin field were made to the Army Corps of Engineers and to the New York State Department of Environmental Conservation. Both agencies granted permits subject to compliance with any local ordinance.

Petitioners thereupon submitted an application to the Zoning Board of Appeals requesting a special permit pursuant to sections 153-40 and 153-41 of the Code of the Town of East Hampton. These sections require the approval of the Zoning Board of Appeals, respondent here, before groins or other structures are erected on or at waterfront properties. Nonetheless, petitioners also stated in their application that it was "*not* a submission to the jurisdiction of the Board of Zoning Appeals nor the Town of East Hampton unless it can be lawfully shown that such jurisdiction exists".

The Board held two public hearings at which a number of individuals and experts testified and various documents were received into evidence. On June 23, 1981, it rendered a 28-page decision denying the petitioners' application. The Board found, among other things, that petitioners' proposal was not the most effective method of protecting the bluff because it was only a short-term measure and would accelerate erosion on properties lying to the south; that the groins would be ineffective in providing protection

---

* A groin is defined as "a rigid structure built out from a shore to protect the shore from erosion, to trap sand, or to direct a current for scouring a channel" (Webster's New Collegiate Dictionary [1979 ed], p 502).

for the bulkheads; that the situation is such that some form of additional coastal construction is necessary to protect the existing bulkhead; that the cost figure of $17,750 was unrealistically low and did not take into account the cost of refilling the groins with sand; that it would approve a more expensive plan for armoring the toe of the existing bulkhead with rock revetments, and might also look favorably upon an application for construction of a cutoff wall, and that petitioners themselves and their predecessors were responsible to some extent for their own predicament as they built their homes very close to the edge of existing bluffs and could have constructed a more benign alternative to a bulkhead. In short, "[o]n the basis of the evidence presented, [the board was] unable to approve [the] application, because [it] believe[d] it [would] be detrimental to adjoining coastal areas to the south, which include privately and publicly owned lands, beaches and shellfish grounds".

Petitioners then commenced this article 78 proceeding alleging that the Board of Zoning Appeals lacked subject matter jurisdiction inasmuch as the issue related to navigable waters and, alternatively, that its determination was arbitrary and capricious. Special Term rejected these arguments and dismissed the petition. We now affirm.

It is true that, as a general rule, navigable waters are subject to the sole jurisdiction and control of the State absent any delegation to the Federal Government and, therefore, a municipality cannot regulate navigable waters under its zoning powers (*Erbsland v Vecchiolla,* 35 AD2d 564, affd following remand *sub nom. Erbsland v Rubin,* 33 NY2d 787; see Navigation Law, § 30; 3 Warren's Weed, NY Real Property, Land Under Water, §§ 1.01, 2.01, 2.02). But the "tidewaters bordering on and lying within the boundaries of Nassau and Suffolk counties" are specifically excluded from the "[n]avigable waters of the state" (Navigation Law, § 2, subd 4).

The exemption is historical in origin, "derived from antique, royal land grants and patents" which conferred upon certain Long Island townships and their successors "proprietary rights to certain lands and waters * * * and their right to legislate and control the same" (*State of New*

*York v Trustees of Freeholders & Commonalty of Town of Southampton,* 99 AD2d 804, 805; see, also, *People ex rel. Howell v Jessup,* 160 NY 249; *People v Miller,* 235 App Div 226, affd 260 NY 585; cf. *People v James H. Rambo, Inc.,* 36 NY2d 1008). The townships' ownership and control over these lands and waters antedates the formation of the State of New York itself and remains preserved in them (*Lowndes v Huntington,* 153 US 1; *Trustees of Brookhaven v Strong,* 60 NY 56; *State of New York v Trustees of Freeholders & Commonalty of Town of Southampton, supra*).

Based upon this historical background, the statutory exemption contained in the Navigation Law has consistently been construed as authorizing the Counties of Nassau and Suffolk and their respective townships to regulate the use of such lands and waterways (*People v Anton,* 105 Misc 2d 124; *People v Abrams,* 82 Misc 2d 979; *People v Texaco, Inc.,* 81 Misc 2d 260, affd 87 Misc 2d 255; *People v Wechsler,* 79 Misc 2d 103; *People v Poveromo,* 79 Misc 2d 42; *Town of Islip v Powell,* 78 Misc 2d 1007; *People v Levine,* 74 Misc 2d 808, affd 79 Misc 2d 103; *Dolphin Lane Assoc. v Town of Southampton,* 72 Misc 2d 868, 881, affd 43 AD2d 727, mod on other grounds 37 NY2d 292; see Navigation Law, § 30).

*Town of Islip v Powell (supra)* is squarely on point. In that case, the Town of Islip sought to enjoin the defendants from renting docking facilities at a portion of a marina adjacent to residentially owned property. Defendants claimed that local governmental units in Nassau and Suffolk Counties were powerless "to zone their waterfront lands and issue permits for piers, warves and docks" (78 Misc 2d 1007, *supra*). Justice Lazer, then sitting at Special Term, struck the affirmative defense, tracing the history of vesting tidal wetlands jurisdiction of Long Island waters in the county and town governments. Similarly, in *People v Anton* (105 Misc 2d 124, *supra*), the court held that the Town of Huntington had authority to regulate the construction of docks and piers on wetlands and to require construction permits.

The cases relied upon by petitioners are plainly distinguishable. *Erbsland v Vecchiolla (supra)* concerned property in the City of Rye, which is located in Westchester

County. *Matter of Village of Old Field v Schuyler* (13 NY2d 6) involved a specific statute (Public Lands Law, § 3, subd 5), since repealed (L 1983, ch 575, § 2), which related to the licensing and the regulating by the Commissioner of General Services of the removal of sand, gravel and other material from lands of the State under water. *Old Field* is totally inapposite.

Moreover, while permits were required from the Army Corps of Engineers (US Code, tit 33, § 403) and from the New York State Department of Environmental Conservation (ECL 15-0505), both of the permits issued by these agencies required compliance with local legislation. Plainly, there is neither Federal (*Cummings v Chicago,* 188 US 410, 430; *Matter of Wasson,* 495 F2d 571, 582-583; *Hubbard v Fort,* 188 F 987 [Federal permit merely a finding that structure would not interfere with or be detrimental to navigation; not equivalent to positive declaration by Congress that permitee could undertake construction absent local approvals]; *Wilson v Hudson County Water Co.,* 76 NJ Eq 543) nor State (Navigation Law, § 2, subd 4; §§ 30, 32; ECL 25-0401, subd 1; *Town of Huntington v Albicocco,* 66 AD2d 886, 887; *Town of Islip v Powell, supra*) preemption, and the Zoning Board of Appeals possessed subject matter jurisdiction of the question before it.

As to the merits, our scope of review is limited. We "may set aside a zoning board determination only where the record reveals illegality, arbitrariness or abuse of discretion * * * Phrased another way, the determination of the responsible officials in the affected community will be sustained if it has a rational basis and is supported by substantial evidence in the record" (*Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314; see, also, *Matter of National Merritt v Weist,* 41 NY2d 438, 443; *Matter of Marasco v Luney,* 99 AD2d 492, 493). The drawing of appropriate inferences from the evidence was for the Board; we may not substitute our judgment for the Board's absent abuse or illegality (*Matter of Dueger v Zoning Bd. of Appeals,* 61 NY2d 743, affg on mem at 96 AD2d 905; *Matter of Currier v Planning Bd.,* 52 NY2d 722, affg on mem at 74 AD2d 872; *Matter of Roginski v Rose,* 97 AD2d 417; cf. *Matter of Sullivan v Town Bd.,* 102 AD2d 113).

Examination of the record reveals that the findings of the Zoning Board are supported by substantial evidence and are not arbitrary, unreasonable or discriminatory. Basically, the Board was faced with conflicting testimony and found that a different type of construction would lessen adverse environmental impact. The Board was not required to defer to the expertise of the Army Corps of Engineers or the New York State Department of Environmental Conservation, as petitioners urge, for, as indicated, these agencies granted permission subject to local approval.

In sum, the Board had subject matter jurisdiction and fully debated and carefully considered the matter before it with extreme care. Accordingly, the judgment should be affirmed, with costs.

THOMPSON and BRACKEN, JJ., concur with TITONE, J. P.; O'CONNOR, J., concurs in the opinion of TITONE, J. P., on constraint of *State of New York v Trustees of Freeholders & Commonalty of Town of Southampton* (99 AD2d 804).

Judgment of the Supreme Court, Suffolk County, dated April 22, 1983, affirmed, with costs.