■ Incorporated Village of Manorhaven, Appellant, v Ventura Yacht Services, Inc., Respondent.—In an action to permanently enjoin the defendant Ventura Yacht Services, Inc., from utilizing certain floating piers which were constructed without a building permit, the plaintiff Incorporated Village of Manorhaven appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Goldstein, J.), entered May 8, 1989, which granted the defendant's motion for summary judgment and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The defendant Ventura Yacht Services, Inc., doing business as Capri Marina, operates a full service public marina located in the Incorporated Village of Manorhaven. Capri Marina sought to expand by constructing additional piers and floats in the navigable waters of Manhasset Bay. In furtherance of this

objective, Capri Marina obtained approval from various local and State agencies. Capri Marina did not, however, seek a building permit from the village. In light of this fact, the village commenced this action against Capri Marina asserting that the expansion, without the requisite building permit, was violative of a local Village Zoning Ordinance. Capri Marina moved for summary judgment dismissing the complaint, and the Supreme Court granted this motion. We find no reason to disturb this determination.

As a general rule, the jurisdiction of an incorporated village is confined to its territorial limits *(see, Matter of Siegel v Tange,* 61 AD2d 57; *Town of Islip v Powell,* 78 Misc 2d 1007; *cf.,* Navigation Law §§ 45-b, 46-a). Contrary to the village's contentions, a review of the record at bar reveals that the additional floats lie outside of the limits of the village. In addition, it is well established that the regulation and authority of the tidewaters bordering on and lying within the boundaries of Nassau and Suffolk Counties have specifically been exempted from State law, and are vested in the respective townships pursuant to colonial land grants *(see,* Navigation Law § 2 [4]; *Grace v Town of N. Hempstead,* 166 App Div 844, *affd* 220 NY 628; *see also, Matter of Rottenberg v Edwards,* 103 AD2d 138; *Town of Islip v Powell, supra).* In light of the above, we conclude that the village has no authority to apply its zoning ordinance to the navigable waters of Manhasset Bay, which lie beyond its territorial limits *(see, Incorporated Vil. of Port Jefferson v Consolidated Petroleum Term.,* 71 Misc 2d 948; *see also, People v Anton,* 105 Misc 2d 124; *Town of Islip v Powell, supra).* Inasmuch as there are no material issues of fact in need of determination *(see, Zuckerman v City of New York,* 49 NY2d 557), summary judgment was properly granted. Brown, J. P., Eiber, Kunzeman and Balletta, JJ., concur.