■ Francis G. Schiavoni et al., Appellants, v Village of Sag Harbor et al., Respondents, and Doris Bernier et al., Intervenors-Respondents. [608 NYS2d 322] —In an action, *inter alia,* for a judgment declaring that certain conditions imposed on the plaintiffs' application for a use variance were confiscatory and arbitrary, and that the Zoning Code of the Village of Sag Harbor was invalid and unconstitutional as applied to the plaintiffs' land, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), dated January 22, 1992, which denied their motion for partial summary judgment.

Ordered that upon searching the record, the order is modified, on the law, by adding a provision thereto dismissing the plaintiffs' cause of action for a declaration that the Zoning Code of the Village of Sag Harbor was invalid and unconstitutional as applied to the plaintiffs' land; as so modified, the order is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiffs own two parcels of land, known as Parcel I and Parcel II, located in a R-20 Residential District in the Village of Sag Harbor. The plaintiffs operate a fuel oil delivery and service company and a heating and plumbing business out of a building located on Parcel I. These uses are nonconforming and the plaintiffs operate pursuant to a variance granted in 1981. The plaintiffs instituted this action, *inter*

*alia,* to annul several of the conditions upon which the variance was granted, and for a declaration that the Zoning Code of the Village of Sag Harbor was unconstitutional as applied to them. In their constitutional claim the plaintiffs essentially maintain that the use regulations for business districts are not in accordance with the Village's comprehensive plan because such regulations prohibit "service business" uses. The plaintiffs contend that the regulations fail to offer a definition of "service business" and do not directly address the fact that a variety of service-type businesses are indeed permitted in the VB Village Business Districts *(see,* Sag Harbor Code § 55-8.2 [D]).

We find that the plaintiffs lack standing to bring their constitutional claim and the claim should have been dismissed. In land use matters, courts have long imposed the limitation that a plaintiff, for standing purposes, must show that it would suffer direct harm or injury that is in some way different from that of the public at large *(see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 774; *see, e.g., Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428; *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406). The plaintiffs have failed to demonstrate that they have a legally cognizable interest that is or will be affected by a determination pertaining to the "service business" uses permitted in the VB Village Business District. Specifically, their parcels of land are located in the R-20 Residential District, not in the VB Village Business District. Thus, even if "service business" uses were expanded in business districts, or the limitations on business operations in such districts were deemed unconstitutional, such a result would have no effect on the plaintiffs, who operate their nonconforming use in a residential district.

Therefore, upon searching the record, we grant partial summary judgment dismissing the cause of action for declaratory relief. Thompson, J. P., Rosenblatt, Copertino and Hart, JJ., concur.