VILLAGE OF PORT CHESTER, Respondent, et al., Plaintiff, v CITY OF RYE et al., Appellants. [651 NYS2d 146] —In an action for a judgment declaring that Local Laws, 1995, No. 1 of the City of Rye is invalid and unconstitutional, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Westchester County (Nastasi, J.), dated December 6, 1995, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted by the Village of Port Chester on the ground that it lacked standing, and upon searching the record, granted judgment as a matter of law to the Village of Port Chester, and (2) stated portions of a judgment of the same court entered January 25, 1996, as declared Local Laws, 1995, No. 1 of the City of Rye to be invalid and unconstitutional.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, so much of the order dated December 6, 1995, as (1) denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the Village of Port Chester and (2) granted judgment as a matter of law to the Village of Port Chester is vacated, the defendants' motion is granted, and the complaint is dismissed; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39

NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The Village of Port Chester (hereinafter the Village) commenced the instant action for a judgment declaring Local Laws, 1995, No. 1 of the City of Rye invalid and unconstitutional. This local law amended Chapter 191 of the Rye City Code to prohibit large trucks (5 tons or more) travelling southbound on the Boston Post Road (U.S. 1) from making a left turn onto Peck Avenue. It is undisputed that the subject intersection is entirely within the Rye city limits and outside the Village boundary. Indeed, the Village's complaint concedes that "Peck Avenue is a city street wholly with the City of Rye". The Village alleged that the subject traffic restriction deprived southbound heavy truck traffic from one of the possible means of access to Village streets.

The City of Rye (hereinafter the City) moved for summary judgment dismissing the complaint on the ground, *inter alia,* that the Village lacked standing to challenge the City's traffic ordinance. The Supreme Court denied the City's motion, and, upon searching the record, granted summary judgment to the Village and declared that Local Laws, 1995, No. 1 of the City of Rye was invalid and unconstitutional. We now reverse.

The Court of Appeals has stated that "[g]overnmental entities * * * [b]eing artificial creatures of statute * * * have neither an inherent nor a common-law right to sue. Rather, their right to sue, if it exists at all, must be derived from the relevant enabling legislation or some other concrete statutory predicate" (*Community Bd. 7 v Schaffer,* 84 NY2d 148, 155-156; *see also, City of New York v State of New York,* 86 NY2d 286). In the instant case, there is no express statutory authority allowing the Village to challenge a City traffic ordinance restricting certain turns at an intersection and onto a street wholly within the City, nor can the Village point to any relevant enabling legislation or some other concrete statutory predicate from which such authority could be inferred. Further, the Supreme Court's reliance on Village Law § 4-400 (1) (d), which merely allows for a village mayor to commence suits in the village name, is misplaced, since it cannot be inferred from such a generally worded statutory provision that, under the circumstances here, a village is entitled to challenge the traffic restrictions imposed by a neighboring municipality (*see, City of New York v State of New York, supra*).

In light of our determination, we do not reach any other issue. Ritter, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.