[784 NYS2d 141]

In the Matter of PATRICK E. MALLOY III, Appellant, v INCORPO-
RATED VILLAGE OF SAG HARBOR et al., Respondents.

Second Department, November 1, 2004

APPEARANCES OF COUNSEL

*Esseks, Hefter & Angel,* Riverhead (*William W. Esseks, John M. Wagner* and *Anthony C. Pasca* of counsel), for appellants.

*Prokop & Prokop,* East Setauket (*Joseph Prokop* of counsel), for respondents.

### OPINION OF THE COURT

Per Curiam.

In 1996 the respondent Board of Trustees of the Incorporated Village of Sag Harbor (hereinafter the Board) enacted Local Law No. 2 (1996) of Village of Sag Harbor (hereinafter the Waterways Law) which, in relevant part, regulated the speed, operation, and mooring of vessels up to 1,500 feet from the southern shore of Sag Harbor. The petitioner claims ownership rights in certain underwater lands and operates a marina that falls within the area regulated under the Waterways Law. He commenced this hybrid proceeding and action, seeking, inter alia, to have the Waterways Law annulled on the ground that the review conducted by the Board pursuant to the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) before it enacted the law was inadequate and that, in any event, the enactment of the law was beyond the Board's statutory authority under Navigation Law § 46-a. The Supreme Court dismissed the proceeding and declared that Local Law No. 2 (1996) of Village of Sag Harbor is valid. This appeal followed.

Assuming that the petitioner had standing to challenge the Board's SEQRA review of the Waterways Law (*see Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668, 687 [1996]; *Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524, 529 [1989]), the Supreme Court properly refused to set aside the Board's negative declaration. Judicial review of a negative declaration is strictly limited to whether the lead agency identified the relevant areas of environmental concern, took a "hard look" at them, and made a "reasoned elaboration" of the basis for its determination (*Matter of New York City Coalition to End Lead Poisoning v Vallone,* 100 NY2d 337, 348 [2003]; *see Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417 [1986]). The Board, acting as lead agency, took the requisite "hard look" at the relevant areas of environmental concern, and made a reasoned elaboration of the basis for its determination. Moreover, the petitioner failed to demonstrate that the Board's decision to issue a negative declaration was ir-

rational, arbitrary, capricious, or affected by error of law, or that it was not supported by substantial evidence (*see Matter of Merson v McNally,* 90 NY2d 742, 752 [1997]; *Matter of WEOK Broadcasting Corp. v Planning Bd. of Town of Lloyd,* 79 NY2d 373, 383 [1992]).

The Supreme Court also correctly determined that the Board had the authority, under Navigation Law § 46-a (1) (b), to enact those portions of the Waterways Law regulating the anchoring and mooring of vessels in waters within or bounding the village to a distance of 1,500 feet from the shore.

Recognizing that townships in the counties of Nassau and Suffolk have jurisdiction over their waters by virtue of colonial grants (*see Melby v Duffy,* 304 AD2d 33, 36-37 [2003]; *Matter of Incorporated Vil. of Manorhaven v Ventura Yacht Servs.,* 166 AD2d 685, 686 [1990]; *Matter of Rottenberg v Edwards,* 103 AD2d 138 [1984]; *see generally Trustees of Brookhaven v Strong,* 60 NY 56 [1875]), the Navigation Law expressly excludes "all tidewaters bordering on and lying within the boundaries of Nassau and Suffolk counties" from its definition of "[n]avigable waters of the state" (Navigation Law § 2 [4]). That is not to say, however, that no provision of the Navigation Law applies to those tidewaters. To the contrary, when a provision is intended to apply to all bodies of water including tidewaters bordering on and lying within the boundaries of Nassau and Suffolk counties, it either uses general terms such as "waters of the state," rather than the more specific "navigable waters of the state" (Navigation Law § 33-c [1] [f]; § 49-a [1] [c]; *see* Navigation Law §§ 33-e, 40-b [2]; § 49-b [1]; § 74 [1]; § 114 [1]) or it employs discrete override clauses (*see generally* L 1990, ch 659 [amending 13 sections of the Navigation Law to make them applicable to the "tidewaters bordering on or lying within the boundaries of Nassau and Suffolk counties"]).

The provision at issue here, Navigation Law § 46-a (1), provides, in relevant part:

> "The local legislative body of a city or the board of trustees of a village may adopt, amend and enforce local laws, rules and regulations not inconsistent with the laws of this state or the United States, with respect to:
>
> "a. Regulating the speed and regulating and restricting the operation of vessels while being operated or driven upon any waters within or bounding the ap-

propriate city or village, *including any waters within or bordering a village in the county of Nassau or Suffolk,* to a distance of fifteen hundred feet from the shore.

"b. Restricting and regulating the anchoring or mooring of vessels in any waters within or bounding the appropriate city or village to a distance of fifteen hundred feet from the shore" (emphasis added).

The petitioner maintains that the inclusion of the override clause in Navigation Law § 46-a (1) (a), and its omission from Navigation Law § 46-a (1) (b), signifies that, although a village in Nassau or Suffolk has the authority to regulate the speed and operation of vessels in waters within 1,500 feet from its shore, it does not have the authority to regulate the "anchoring or mooring of vessels" within that area. This contention is without merit.

Navigation Law § 46-a (1) does not use the term "navigable waters of the state," and therefore does not appear to exempt the counties of Nassau and Suffolk from its reach. Moreover, the Attorney General has opined, based in part on the legislative history of Navigation Law § 46-a, that the omission from Navigation Law § 46-a (1) (b) of the express override clause found in Navigation Law § 46-a (1) (a) was inadvertent and was in no way intended to limit the authority of villages within the counties of Nassau and Suffolk to regulate the anchoring or mooring of vessels within 1,500 feet of their shores (*see* 1983 Ops Atty Gen No. I 83-56, at 165 n; *see also* 2004 Ops Atty Gen No. I 2004-5). That view is strongly supported by consideration of a related statute, Town Law § 130 (17), which provides, in pertinent part:

"The town board after a public hearing may enact, amend and repeal ordinances, rules and regulations not inconsistent with law, for the following purposes in addition to such other purposes as may be contemplated by the provisions of this chapter or other laws. . . .

"17. Regulation of vessels, personal watercraft and specialty prop-craft. Except when prohibited by the laws of this state or of the United States; (1)

"a. Regulating the speed and regulating and restricting the operation of vessels, personal watercraft and specialty prop-craft . . .

*"b. Restricting and regulating the anchoring or mooring of vessels in any waters within or bounding the town to a distance of fifteen hundred feet from the shore. . . .*

*"(2) The provisions of this subdivision shall not apply to waters within or bounding an incorporated village to a distance of fifteen hundred feet from the shore, jurisdiction with respect to which is vested in the board of trustees of a village by the provisions of subdivision one of section forty-six-a of the navigation law."* (Emphasis added.)

Town Law § 130 (17) (2) unequivocally removes the authority of towns to regulate, inter alia, the anchoring or mooring of vessels in "waters within or bounding an incorporated village to a distance of fifteen hundred feet from the shore" because jurisdiction over those waters "is vested in the board of trustees of [the] village by the provisions of subdivision one of section forty-six-a of the navigation law." Significantly, the provision draws no distinction between Navigation Law § 46-a (1) (a) and Navigation Law § 46-a (1) (b), evincing a clear legislative understanding that both paragraphs apply throughout the state, including in the counties of Nassau and Suffolk. Moreover, if the petitioner's contrary interpretation of the Navigation Law were correct, then neither towns nor villages in the counties of Nassau and Suffolk would have any authority to regulate the anchoring or mooring of vessels in waters within or bounding an incorporated village. The Legislature could not have intended such a result. We conclude, therefore, that Navigation Law § 46-a (1) (b) must be read to confer jurisdiction over waters within or bordering all incorporated villages, including those located within the counties of Nassau and Suffolk, to within a distance of 1,500 feet from the shore. Accordingly, we find that the challenged provisions of the Waterways Law were validly enacted pursuant to the Board's regulatory authority under Navigation Law § 46-a (1) (b).

The petitioner's remaining contentions either are not properly before this Court or without merit.

Therefore, the order and judgment is affirmed, without costs or disbursements.

SANTUCCI, J.P., SMITH, CRANE and FISHER, JJ., concur.

Ordered that the order and judgment is affirmed, without costs or disbursements.