John J. Leo Informal Opinion Town Attorney No. 2005-11 Town of Huntington 100 Main Street Huntington, NY 11743-6991
Dear Mr. Leo:
Your inquiry concerns a situation in which a village that lies within the boundaries of the Town of Huntington has authority to regulate the anchoring and mooring of vessels, and the construction and installation of docks, wharves, pilings and other structures in certain waters, but the Town of Huntington owns the underwater lands upon which the anchors may be placed or to which the docks will attach. You ask what rights the Town may assert as owner of the underwater lands when it has no regulatory authority over these activities. We conclude that under such circumstances, the Town may require that consent to the use of its underwater lands be obtained.
ANALYSIS
Your present inquiry is based upon a previous opinion of this office in which we addressed certain issues concerning the respective rights of the Town of Huntington and the villages within the Town's boundaries to regulate various activities on navigable waters within the boundaries of the Town. See Op. Att'y Gen. (Inf.) No. 2004-5.
Your current question is whether the Town can assert any rights as the owner of the underwater lands, where a village, and not the Town, has authority to regulate the anchoring and mooring of vessels and the construction of private docks, but the anchors will be placed upon or the docks attached to underwater lands owned by the Town.
There are important restrictions upon the Town's rights as owner of the underwater lands. The Town's ownership of the underwater lands stems from a colonial patent. Because the Town holds these underwater lands in trust for the public good, the Town's rights as owner of the underwater lands "`are at all times subject to the public rights and to the right of the riparian owner to access to the water.'" Town of Oyster Bay v. Commander Oil Corp.,96 N.Y.2d 566, 572 (2001) (quoting Tiffany v. Town of Oyster Bay,234 N.Y. 15, 21 (1922)). Decisional law has recognized the right of a riparian owner (the owner of land bounding a river or seashore) to access the water for navigation, including the right to build a pier or dock, i.e., to "wharf out" in order to access the navigable waters. See, e.g., id. at 571. Thus, the Town's rights as owner of the underwater lands must yield to the reasonable uses of riparian landowners. See id.
The Court of Appeals has held however that "the riparian owner's right of access is not absolute, but qualified by other rights in the owner of the submerged land." See id. at 572. Therefore, we believe the Town can object when a riparian owner seeks to construct a dock or similar structure that unreasonably intrudes upon the right of public navigation or is not for a permissible purpose. We also believe the Town may assert its rights as owner of the underwater lands in situations in which riparian rights are not at issue. That is, we see no reason why the Town cannot lease or permit the use of its underwater lands as long as doing so does not unreasonably interfere with the public's rights and those of riparian owners.
Moreover, we do not believe a village's authority to regulate dock construction negates the rights of the Town as owner of the underwater lands. An analogous situation exists with respect to activities subject to municipal regulation but involving underwater lands owned by the State. In this situation, dock construction requires both compliance with local zoning laws and permission of the State as owner of the underwater lands. See,e.g., Matter of Haher's Sodus Point Bait Shop v. Wigle,139 A.D.2d 950,950-51 (4th Dep't 1988); cf. Matter of Rottenberg v. Edwards,103 A.D.2d 138, 142 (2d Dep't 1984) (permits required from town and DEC as to waters controlled by town).
This reasoning logically applies to the use of the Town's underwater lands for anchoring and mooring. Although anchoring and mooring in waters within 1500 feet of a village's shoreline are subject to exclusive village regulation pursuant to state law, see
Op. Att'y Gen. (Inf.) No. 2004-5, we believe the Town may require its reasonable consent if anchoring and mooring in those waters will involve the use of its underwater lands.[1]
Any other result would be inconsistent with the Town's responsibility under the public trust doctrine to ensure that private use of its lands does not interfere with the rights of the public. See Town of Oyster Bay v. Commander Oil Corp.,96 N.Y.2d at 571. A public owner of underwater lands used for navigation does not hold the lands in a proprietary capacity, but as "a sovereign right, and it has been frequently said that a trust is engrafted upon this title for the benefit of the public of which the [public owner] is powerless to divest itself." Coxe v. State,144 N.Y. 396, 406 (1895). Thus, it has been held that a grant of underwater lands must be for a use that either benefits the public or at least is not injurious to the public's use of the waters.See Matter of Long Sault Dev. Co. v. Kennedy, 212 N.Y. 1, 8-9
(1914). Allowing the Town to require, through licensing, permitting and similar procedures, that users of underwater lands obtain the Town's consent, will best ensure that these lands are not used in derogation of the trust imposed upon them.
CONCLUSION
The Town of Huntington may use licensing, permitting and similar procedures to require its consent to the use of its underwater lands for dock construction and the anchoring and mooring of vessels, even when such activities are subject to a village's regulatory control.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
LAURA ETLINGER
Assistant Solicitor General In Charge of Opinions
[1] This opinion does not address other types of regulatory approvals, if any, that might be necessary from a state agency in connection with anchoring or mooring activities.