VILLAGE OF ELMSFORD, Respondent, v KNOLLWOOD COUNTRY CLUB, INC., Defendant, and TOWN OF GREENBURGH, Appellant. [875 NYS2d 560]—

In an action, inter alia, for a judgment declaring that certain roads are public roads, owned and to be maintained by the defendant Town of Greenburgh, the defendant Town of Greenburgh appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered May 24, 2007, as, upon reargument, adhered to an original determination in an order entered January 5, 2007, denying its motion pursuant to CPLR 3211 (a) (3) and (10) to dismiss the complaint insofar as asserted against it.

Ordered that the order entered May 24, 2007 is reversed insofar as appealed from, on the law, with costs, and upon reargument, so much of the order entered January 5, 2007, as denied the motion of the defendant Town of Greenburgh pursuant to CPLR 3211 (a) (3) and (10) to dismiss the complaint insofar as asserted against is vacated, that branch of the motion which was pursuant to CPLR 3211 (a) (3) is granted, and that branch of the motion which was pursuant to CPLR 3211 (a) (10) is denied as academic.

The Supreme Court erred in, upon reargument, adhering to so much of the order entered January 5, 2007 as denied that branch of the Town's motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against it. "[A] plaintiff, in order to have standing in a particular dispute, must demonstrate an injury in fact that falls within the relevant zone of interests sought to be protected by law" (*Caprer v Nussbaum*, 36 AD3d 176, 183 [2006]). The plaintiff Village of Elmsford lacked standing to seek a judgment declaring that the Town owned and was responsible for maintaining the subject roads, which were located outside the boundaries of the Village,

as the Village failed to demonstrate that it had a legally cognizable interest that would be affected by such a determination (*see Village of Port Chester v City of Rye*, 234 AD2d 453 [1996]; *Schiavoni v Village of Sag Harbor*, 201 AD2d 716 [1994]). The Village alleged that it had a contractual obligation to provide fire protection services to residents on the subject roads, and that it was hindered from performing that duty by road barriers erected by the defendant Knollwood Country Club, Inc. However, the Village failed to allege that it experienced any difficulty in complying with its contractual obligation to provide fire protection services as a result of inadequate road maintenance. Moreover, we note that the Village entered into the agreement requiring it to provide fire protection services with full knowledge of the barriers that were erected several months earlier.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Spolzino, J.P., Dillon, Ritter and Dickerson, JJ., concur.