Matter of Village of Huntington Bay v New York State Dept. of Envtl. Conservation (2025 NY Slip Op 00969)

Matter of Village of Huntington Bay v New York State Dept. of Envtl. Conservation

2025 NY Slip Op 00969

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-06229
2022-09618
 (Index No. 616984/21)

[*1]In the Matter of Village of Huntington Bay, appellant, 
v
New York State Department of Environmental Conservation, et al., respondents.

Farrell Fritz, P.C., Hauppauge, NY (Philip A. Butler and Anthony S. Guardino of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Kwame N. Akosah of counsel), for respondent New York State Department of Environmental Conservation.
James Cammarata, Oyster Bay, NY, for respondent John Paci III.
Susan J. Coleman, Town Attorney, Huntington, NY (Thelma Neira of counsel), for respondents Town of Huntington, Board of Trustees of Freeholders and Commonality of the Town of Huntington, and Town of Huntington Department of Maritime Services.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Environmental Conservation dated August 4, 2021, granting a tidal wetlands permit modification, and resolutions of the respondent Board of Trustees of Freeholders and Commonality of the Town of Huntington adopted November 18, 2021, granting applications for a variance and special use permit and approving the execution of a license agreement, the petitioner appeals from (1) an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated July 15, 2022, and (2) an order and judgment (one paper) of the same court dated October 21, 2022. The order, insofar as appealed from, granted those branches of the separate motions of the respondent New York State Department of Environmental Conservation, the respondent John Paci III, and the respondents Town of Huntington, Board of Trustees of Freeholders and Commonality of the Town of Huntington, and Town of Huntington Department of Maritime Services which were pursuant to CPLR 3211(a) to dismiss the amended petition for lack of standing. The order and judgment, insofar as appealed from, upon the order, denied the amended petition and, in effect, dismissed the proceeding.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The appeal from the order must be dismissed, as no appeal lies as of right from an intermediate order entered in a proceeding pursuant to CPLR article 78 (see id. § 5701[b][1]), and any possibility of taking a direct appeal therefrom terminated with the entry of the order and judgment in the proceeding (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]).
The petitioner, Village of Huntington Bay, commenced this CPLR article 78 proceeding against the respondent New York State Department of Environmental Conservation (hereinafter the DEC), the respondent John Paci III, and the respondents Town of Huntington, Board of Trustees of the Freeholders and Commonality of the Town of Huntington (hereinafter the Huntington Board of Trustees), and Town of Huntington Department of Maritime Services to annul a tidal wetlands permit modification issued by the DEC on August 4, 2021, for the construction of a private fixed pier and floating dock assembly running from the beach adjacent to Paci's property out over the waters of Huntington Bay. Thereafter, the petitioner, with the Supreme Court's eventual approval, served and filed an amended petition, adding a cause of action to annul resolutions of the Huntington Board of Trustees adopted November 18, 2021, granting Paci's applications for a variance and special use permit and approving the execution of a license agreement pursuant to the Town Marine Conservation Law (Huntington Town Code chapter 137) for construction of the floating dock assembly.
The DEC, Paci, and the Town, the Huntington Board of Trustees, and the Town of Huntington Department of Maritime Services (hereinafter collectively the Town respondents) separately moved, inter alia, pursuant to CPLR 3211(a) to dismiss the amended petition for lack of standing. In an order dated July 15, 2022, the Supreme Court, among other things, granted those branches of the separate motions. Subsequently, in an order and judgment dated October 21, 2022, the court, upon the order, inter alia, denied the amended petition and, in effect, dismissed the proceeding. The petitioner appeals.
"Standing is, of course, a threshold requirement for a [party] seeking to challenge governmental action" (New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211). "Under the common law, . . . a court has no inherent power to right a wrong unless thereby the civil, property[,] or personal rights of the plaintiff [or petitioner] . . . are affected" (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772 [internal quotation marks omitted]). Therefore, "a court can act only when the rights of the party requesting relief are affected and that party has an actual legal stake in the matter being adjudicated" (Tilcon N.Y., Inc. v Town of New Windsor, 172 AD3d 942, 944 [internal quotation marks omitted]). "Generally, standing to challenge an administrative action turns on a showing that the action will have a harmful effect on the challenger and that the interest to be asserted is within the zone of interest to be protected" (Matter of Kogut v Village of Chestnut Ridge, 214 AD3d 808, 809 [internal quotation marks omitted]; see Matter of Gernatt Asphalt Prods., Inc. v Town of Sardinia, 87 NY2d 668, 687). In other words, "[t]o establish standing to challenge an administrative determination in an article 78 proceeding, a petitioner must show that it will suffer an injury-in-fact and that the alleged injury falls within the zone of interest sought to be protected by the statute" (Matter of Law Offs. of Cory H. Morris v Suffolk County, 221 AD3d 900, 901 [internal quotation marks omitted]).
Here, the Supreme Court correctly determined that the petitioner lacked standing to challenge the determination of the DEC granting a tidal wetlands permit modification and the resolutions of the Huntington Board of Trustees granting applications for a variance and special use permit and approving the execution of a license agreement. The petitioner failed to demonstrate that it had a legally cognizable interest that would be affected by the administrative determination and resolutions at issue (see Village of Elmsford v Knollwood Country Club, Inc., 60 AD3d 934, 934-935; Village of Port Chester v City of Rye, 234 AD2d 453, 454).
"As a general rule, the jurisdiction of an incorporated village is confined to its territorial limits" (Incorporated Vil. of Manorhaven v Ventura Yacht Servs., 166 AD2d 685, 686; see Village of East Hills v Siegel, 83 AD2d 849, 849), while "townships in the counties of Nassau and Suffolk have jurisdiction over their waters by virtue of colonial grants" (Matter of Malloy v Incorporated Vil. of Sag Harbor, 12 AD3d 107, 109; see Town of Carmel v Melchner, 105 AD3d 82, 97). As the petitioner effectively concedes, the locations of Paci's proposed pier and floating dock assembly were outside of the petitioner's territorial limits (see Village of Elmsford v Knollwood Country Club, Inc., 60 AD3d at 934-935; Incorporated Vil. of Manorhaven v Ventura Yacht Servs., 166 AD2d at 686).
Moreover, contrary to the petitioner's contention, the petitioner's purported interests in the construction of the pier and floating dock assembly did not fall within the zone of interests protected by Navigation Law § 46-a(1)(b). That statutory provision permits localities to restrict and regulate "the anchoring or mooring of vessels in any waters within or bounding . . . [a] village to a distance of fifteen hundred feet from the shore" (id.; see Matter of Malloy v Incorporated Vil. of Sag Harbor, 12 AD3d at 110-111), thereby "authoriz[ing] municipal regulation of matters including, for example, boat slip permits" (Town of Carmel v Melchner, 105 AD3d at 94). By contrast, "Navigation Law § 46-a(2) specifically authorizes [certain] identified municipalities to regulate, inter alia, the construction and placement of structures in . . . navigable waters" (id.). Without the statutory authority set forth in Navigation Law § 46-a(2) "'to regulate the manner of construction and location of structures in waters owned by the State'" or the counties of Nassau and Suffolk, "'municipalities bordering or encompassing such waters would have no authority to issue such regulations'" (Town of Carmel v Melchner, 105 AD3d at 96-97, quoting Town of N. Elba v Grimditch, 98 AD3d 183, 195; see Matter of Malloy v Incorporated Vil. of Sag Harbor, 12 AD3d at 111; 1983 Ops Atty Gen No. 1124).
Here, the petitioner is "not included among the local governments enumerated in Navigation Law § 46-a(2)" (Matter of Hart Family, LLC v Town of Lake George, 110 AD3d 1278, 1281). Since Navigation Law § 46-a(1)(b) does not provide the petitioner with the authority to regulate the construction of piers and floating dock assemblies in the body of water at issue, and since the petitioner otherwise lacks the authority to impose such regulations (see Town of Alexandria v MacKnight, 281 AD2d 945, 945; Incorporation Vil. of Manorhaven v Ventura Yacht Servs., 166 AD2d 685; People v Anton, 105 Misc 2d 124, 129-130 [Suffolk Dist Ct, 3d Dist], the petitioner has failed to demonstrate that it has standing to challenge the determination and resolutions at issue based upon the Navigation Law.
Accordingly, the Supreme Court properly granted those branches of the separate motions of the DEC, Paci, and the Town respondents which were pursuant to CPLR 3211(a) to dismiss the amended petition for lack of standing.
The parties' remaining contentions either need not be reached in light of our determination or are not properly before this Court.
DILLON, J.P., MILLER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court