OPINION OF THE COURT
Memorandum.
Judgments of conviction affirmed.
Defendant was charged in two separate accusatory instruments of violating former section 246-12 (B) (1) (now section 246-10 [B] [1]) of the Code of the Town of East Hampton in that he operated a water scooter on May 28, 2000 inside Hog Creek, and on August 19, 2001 within the boundaries of Three Mile Harbor, in the Town of East Hampton.
On this appeal, defendant contends that the court, after granting reargument, erred in denying his motion to dismiss the in-formations as the rights and powers held by the Trustees of the Freeholders and Commonalty of the Town of East Hampton under the Dongan Patent precluded the Town Board from enacting former section 246-12 (B) (1) and that the People failed to meet their burden of proof at trial.
The Dongan Patent (1686) ceded to the Trustees of the Freeholders and Commonalty of the Town of East Hampton title and sovereignty over certain lands and water, including Hog Creek and Three Mile Harbor. Pursuant to said patent, the Trustees, as a body politic, were given the authority to do all things which would inure to the benefit of the inhabitants of the Town and best employ the waters for the public good. To that end, the Trustees were invested with the power to perform such acts and make such orders, not repugnant to the laws of England, as they might see fit (see People ex rel. Howell v Jessup, 160 NY 249, 261-262 [1899]). The patent has, since the American Revolution, been held to be valid and enforceable, with the exception that it is now subject to the laws of the State rather than the laws of England (see State of New York v Trustees of Freeholders & Commonalty of Town of Southampton, 99 AD2d 804, 805 [1984]; see also People ex rel. Howell v Jessup, *112 160 NY 249 [1899], supra). Thus, the Trustees’ right to legislate as to the control and management of the property under the patent is, in the absence of a cession by the State, subject to the State’s exercise of its police power (see People v Miller, 235 App Div 226, 230, 233-234 [1932], affd 260 NY 585 [1932]). Moreover, the Dongan Patent, being governmental and not private, is subject to the full power of amendment by the Legislature (see People ex rel. Squires v Hand, 158 App Div 510 [1913]). The latest amendment to the powers.conferred to the Trustees was passed by the Legislature in 1975 (L 1975, ch 378). Said legislation continued the grant of authority to the Trustees to pass such rules and regulations as affect the management of the property within their jurisdiction. The courts have since upheld the right of the Trustees to manage and regulate the property within their jurisdiction (see People v Levy, NYLJ, Mar. 18, 1992, at 25, col 6 [App Term, 9th & 10th Jud Dists] [failure to obtain a permit to reconstruct and enlarge a dock]; People v Miller, NYLJ, Mar. 14, 1991, at 25, col 6 [App Term, 9th & 10th Jud Dists] [having a vehicle on a beach without a permit]; see also State of New York v Trustees of Freeholders & Commonalty of Town of Southampton, 99 AD2d 804 [1984], supra [limitation of freshwater fishing to town residents]; People v Miller, 235 App Div 226 [1932], affd 260 NY 585 [1932], supra [dredging for the taking of clams from the lands under the water of Mecox Bay]).
Local governments have long been vested with the authority to enact laws relating to the health, safety and well-being of persons or property (see NY Const, art IX, § 2 [c] [ii] [10]). The authority to enact such laws upon the exercise of the local government’s police power to advance the health, safety and welfare of persons or property resides in the town board (Town Law § 130) and/or in the trustees of a village (Village Law § 4-412). Since the Trustees of the Freeholders and Commonalty of East Hampton are neither trustees of a town nor of a village, and since there has been no cession by the State to said Trustees of its police power over the land and waterways conferred under the Dongan Patent, other than as set forth in section 130 (18) of the Town Law, said Trustees are without authority to prevent the Town of East Hampton from enacting legislation under its police power to protect the health, safety and welfare of the people and property within the town. Since the Town’s enactment of legislation (Code of Town of East Hampton former § 246-12 [B] [1]) prohibiting the operation of water scooters in any harbor or designated bathing beach located within its *113 boundaries was a proper exercise of its police powers (see Town Law § 130 [11], [15], [17]; see e.g. People v Wechsler, 79 Misc 2d 103 [App Term, 9th & 10th Jud Dists 1974]), the Town acted within the scope of its authority when it charged defendant with the instant violations of said section.
Viewing the evidence in the light most favorable to the People (People v Contes, 60 NY2d 620 [1983]), we agree with the court below that it was legally sufficient to establish defendant’s guilt of operating a water scooter, as defined in former sections 149-1 and 246-1 (now section 246-2) of the Code of the Town of East Hampton, at the times, dates and places charged, in violation of former section 246-12 (B) (1) of said Code. Moreover, upon the exercise of our factual review power, we are satisfied that the verdicts of guilt were not against the weight of the evidence (see CPL 470.15 [5]).
Rudolph, PJ., McCabe and Tanenbaum, JJ., concur.